## HEMPSTEAD ET AL. *v.* STONE, BELLOWS ET AL. .

1. Where a declaration in assumpsit charges a joint contract, and the Court sitting as a jury, find that some of the defendants did assume, and others did not assume in manner and form, &c., and gave judgment for those who did not assume, and against those who did—held, to be error.

2. Errors in the judgment of the Circuit Court, in departing from the pleadings or verdict, will be noticed by this Court, though no objection be made in the Court below.

3. A former recovery may be given in evidence, on the plea of non-assumpsit.

4. The declaration must alledge that all promised; that the promise was a legal one at the time it was made; and that the demand was due and owing at the time of bringing the action. And the proof must support the allegations.

ERROR from St. Louis Circuit Court.

M'GIRK, C. J., delivered the opinion of the Court.*

This was an action of assumpsit, brought by Stone, Bellows, and Bostwick, against Pilcher, Drips, Carson, Woods, C. S. Hempstead, and Mary Lisa; the last, as executor and executrix of the last will of Manuel Lisa. The defendants all pleaded non-assumpsit. The Court, sitting as a jury, found, that Hempstead and Lisa did not assume in manner and form, &c., and that the other defendants did assume, &c. The declaration charges a joint contract. The Court gave judgment for the plaintiffs against those defendants who did assume, and for those defendants who did not assume.

---

*Absent, Wash, J.

Hempstead et al. *v.* Stone, &c.

A writ of error is brought by those defendants who did assume. The error as-signed, is, that in this case, the declaration shows and alledges a joint contract, and that some of the defendants having had a verdict for them, there should have been judgment for all. To prove that this judgment is erroneous, 1 *Chitty's pleading* 31, (66) is cited, where it is said, that in actions *ex-contractu*, against several, it must appear on the face of the pleadings, that their contract was joint, and that fact must also be proved on the face of the trial, and if too many persons be made defendants, and the objection appears on the pleadings, either of the defendants may demur, move in arrest of judgment, or support a writ of error; but if the objection does not appear on the pleadings, the defendants may move for a non-suit.

To escape the consequences of this doctrine, the defendants in error insist, that the verdict and judgment are no part of the pleadings; therefore, the objection can-not be looked into, and the defendants having failed to take advantage by non-suit, cannot now have any advantage.

I answer to this argument, that the objection is equally fatal, whether the error appear by the declaration, plea, verdict or judgment, if it be one which this Court can see the Court below expressly decided on. It is there argued, that this judgment and record does not show that the point was ever decided on in the Court below, and that the party should have moved in arrest of judgment. The act of the Gene-ral Assembly, *Revised Code,* p. 634, says, no exception shall be taken in the Supreme Court, on any point, except that which has been expressly decided in the Circuit Court. This Court has on several occasions held, that if there be an error in the judgment, in departing from the pleadings or verdict, that, though no objection be made, we will hold that it was an express decision; as if the action be in covenant, and the judgment be in debt.

It is next insisted, that a discharge under a bankrupt law may have discharged these parties: but there can be nothing in this, because, I understand that these mat-ters must be pleaded by the defendant, so that in this case, it could not have been legal testimony. It is also insisted, that a former recovery against Hempstead and Lisa, might have taken place, and might be given in evidence under the plea of non-assumpsit, and if it could by law have taken place, then we will suppose it was proved.

It is true that a former recovery may be given in evidence on non-assumpsit, but that being true, by no means disposes of the question, what shall be done where a recovery is had against some of the joint promissors, and afterwards they and all the joint promissors are sued? To prove that no joint action can afterwards be brought, the case of Robertson *v.* Smith et al, 18 *John's Reports,* is cited. This case is the most satisfactory on the point that we have been able to find. It seems to corres-(67) pond with other principles of law.

The declaration must alledge that all promised, and that must be proved, and the promise must be a legal one at the time it was made, and it must be owing at the time of bringing the action; for if one has paid, a recovery can be had against none, and I see no objection in the decision in 18 *John's R.,* which decides that if the joint contract has been extinguished by a judgment against two, that as a joint con-tract it is gone at law against all.

The judgment is reversed.