Wash, J.,
delivered the opinion of the Court.
Burton sued Collin before a Justice of the Peace on an aceout stated thus:
Lewis Collin,
To Richard Burton, Dr.
Eor 2 barrels of flour sold for me at Galena, (Illinois,]) at §14. $28
For 700 lbs. lead promised me for bacon, flour, &c., (and not paid,) $14
$42
And got judgment for $33 32 1-2; from which Collin appealed to the Circuit Court, where on a trial de «oro, Burton got judgment for §31 75, from which Collin has now appealed to this Court. On the trial in the Circuit Court, Burton proved that in the year 1829, Collin resided at a lead furnace near Galena, and that he delivered to him two barrels of flour, which Collin agreed to sell for him. That about a week after the delivery of the flour to Collin, he admitted that he owed Burton between 6 and 700 lbs. of lead, without stating on what account.
That Collin removed from Galena to the county of Howard, before the institution of the suit.
The price of lead at. Galena at the time Collin admitted he owed Burton was also proved, and Burton got judgment as before stated.
Before the cause was called for trial in the Circuit Court, Burton moved to dismiss the appeal. ,
First. For want of legal notice of the appeal, and
Second. Because there was no affidavit made nor recognizance entered into before talcing the appeal by the appellant, or any authorized agent for him.
The motion was overruled and the opinion of the Court excepted to: and Burton has. come with his writ of error into this Court and claims a reversal of the judgment for that cause.
*224 The affidavit for an appeal from the judgment of the Justice was made by James A. Clark (styling himself) agent for Collin, and is in due form. The recognizance is also in due form signed by “James A. Clark and W, Collin,” in the body of which Clark is styled the agent of Collin. Before the motion to dismiss for want of affidavit and recognizance, the parties appeared in Court and acknowledged that they-had mutually agreed to refer all the matters of difference to, the arbitrement of certain persons named in the record.
It is contended for Burton, that the agency of J. A. Clark by whom the affidavit and recognizance were made, is not shown, and that therefore the appeal was improperly granted by the Justice, and ought to have been dismissed by the Circuit Court. The answer is, that the agency of Clark was sufficiently recognized and affirmed by the appearance and submission of the parties. The Circuit Court did right therefore in refusing to dismiss the appeal, and its judgment overruling the motion to dismiss, is affirmed with costs. 0,n the trial in the Circuit Court, the counsel for the defendant moved the Court to instruct the jury,
First. That in order to enable Burton to recover the charge for flour, he must prove a demand of the flour left with Collin before bringing suit.
Second. That if the flour was sold by Collin and Burton did not demand an account of sales or the money before suit brought, he could not recover on account of the flour.
Third. That if Burton did not demand the lead at Galena before suit; brought, he could not recover on that charge in the account.
Fourth. That if Collin agreed to pay the lead in exchange for the bacon, flour, &c., mentioned in the account, then they must find for Collin, as to the item of lead.
The Court refused to give the instructions prayed for, and this refusal is now assigned for error.
It is well settled that an agent who receives money or property for his principal, or a factor who sells goods or property, or receives goods or property which remain unsold, is not liable to. an. action until the money, goods orproperty has been deman-, dad, or an account o( sales where the. goods or property has been sold.
The first and second instructions prayed for, ought therefore to have been given. 1 Chit. pl. 289, 1 Taun. 574, 2 Mo. R. 199. The Circuit Court did right in refusing-the third and fourth instructions. Collin had removed from the lead furnace where he resided at the time he admitted, he owed Burton the lead, and it would be unreasonable to hold that Burton should follpw him wherever he might go and demand the lead at his residence before he could maintain his action.
The doctrine that when no time or place is named for the payment or delivery o£ personal property, (which cannot be conveniently transported,) it shall be understood that the same is to be paid or delivered at the residence of the debtor, has been, recognized by this Court, 2 Mo. Rep. 55, 3 Bibb. 267, 5 T. R. 409, but cannot apply in this case. The judgment of the Circuit Court in refusing to give the first and, second instructions being erroneous, is therefore reversed with costs, and the cause, is remanded tobe proceeded in conformably with this o^injon,