BUTTS, *Administrator*, v. PHELPS, *Appellant*.

1. **Pleading; JUSTICE'S COURT : STATEMENT.** A statement filed before a justice of the peace, which states only conclusions of law and fails to aver any facts, is insufficient. (Re-affirming *Butts v. Phelps*, 79 Mo. 302).

2. ——— : ——— : **SUFFICIENCY OF STATEMENT.** A statement is sufficient as stating a cause of action, which alleges that plaintiff and

one A. were partners in the years 1875 and 1876 ; that in 1875 A. delivered to defendant a check or draft upon Stroud & McBride for the sum of one hundred and twenty-five dollars and directed it to be sent to Prindle & Bros., Arkansas, for collection ; that before it was sent by defendant, plaintiff gave some directions, and that defendant, disregarding the same, sent the draft to one Moore, of Arkansas ; that by reason of the conduct of defendant in disobeying the order and directions of plaintiff, the plaintiff is damaged in the sum of fifty dollars.

*Appeal from Webster Circuit Court.*—HON. BEN. V. ALTON, Judge.

AFFIRMED.

*C. W. Thrasher* for appellant.

(1) Plaintiff's amended petition or statement of cause of action in this cause is insufficient. It fails to state facts sufficient to constitute any cause of action within section 2852, Revised Statutes. *Casey v. Clark,* 2 Mo. 12 ; *Odle v. Clark,* 2 Mo. 13 ; *Wathen v. Farr,* 8 Mo. 324 ; *Breshears v. Strock,* 46 Mo. 221 ; *Swartz v. Nicholson,* 65 Mo. 508 ; *Iba v. Railroad,* 45 Mo. 470 ; *Butts v. Phelps,* 79 Mo. 302. (2) The court below committed error in overruling defendant's objections to plaintiff's testimony ; it was, at most, but inferential and hearsay, and not a statement of facts. (3) The court erred in refusing to give the instructions asked by the defendant, excluding the testimony of witness, Yandall, because the same was hearsay. (4) The court erred in giving instructions for respondent and refusing the same as asked by appellant. (5) The existence of the debt, claimed to have been lost by the misconduct of defendant, was neither alleged in the amended petition, nor proved by the evidence.

*Smith, Silver & Brown* and *Rush & Foster* for respondent.

(1) The plaintiff's statement of his cause of action

was sufficient. It advised defendant of the nature of plaintiff's claim and was sufficiently specific to be a bar to another action. Measuring the sufficiency of the statement by the rule declared in this and other cases, it must be deemed good. *Butts v. Phelps*, 79 Mo. 302 ; *Razor v. Railroad*, 73 Mo. 471 ; *Iba v. Railroad*, 45 Mo. 469 ; *Norton v. Railroad*, 48 Mo. 348 ; *Key v. Railroad*, 73 Mo. 475 ; *Meyer v. McCable*, 73 Mo. 236. (2) The instructions given for the plaintiff outlined correct principles of law for the government of the jury, in determining the question whether defendant was liable on the state of facts offered in evidence by plaintiff, in support of the allegation in his statement. *Butts v. Phelps*, *supra; Melcher v. Exchange Bank*, 85 Mo. 362 ; Greenleaf on Evid. sec. 201, note 2 ; Story on Agency [9 Ed.] sec. 24, note 2 ; *Railroad v. Stephens*, 36 Mo. 150 ; *Spears v. Ledergerber*, 56 Mo. 465 ; Weeks on Attorneys, 397. (3) Instructions given at defendant's request fairly presents the law of his side of the case, while those refused for him were rightly refused.

RAY, J.— This cause has, once before, been in this court, when it was reversed and remanded, on account of the insufficiency of the statement ( see 79 Mo. 302). Thereafter, plaintiff filed an amended statement in the cause, and a re-trial thereof has again resulted in a verdict and judgment in favor of the plaintiff, from which defendant has again appealed to this court.

The material facts of the case, as detailed in the present record, are, in substance, that McAlpine & Butts, in the winter of 1875 and 1876, sold three mules to Stroud & McBride, who lived at or near Watson, in the state of Arkansas, and received in part payment therefor, a draft drawn by them on a Memphis firm, payable in ninety days from its date. On their return to Webster county, Missouri, where they lived, McAlpine placed the draft in the defendant's hands for collection. Plaintiff and

defendant differ as to the amount of the draft, but it was for either one hundred and twenty-five dollars, as plaintiff says, or for ninety dollars, as defendant thinks, and whether for the one sum or the other is immaterial, as the judgment is for fifty dollars. The draft was sent, thereafter, by defendant, to one Moore, an attorney, at either Watson or Napoleon, Arkansas, for collection, who, it appears, received it, but as to what he did with it, or what became of it, does not, perhaps, so satisfactorily appear. Neither plaintiff nor defendant, however, saw it, after it was sent to Moore. Some efforts, which were unsuccessful, were made by defendant to take the business out of Moore's hands, and there was some controversy between defendant and said Moore about the matter. Said Moore, it seems, at one time wrote defendant a letter, purporting to enclose money, on account of the draft, but, in point of fact, the letter, when received, contained no money, as stated therein. No notice of protest of the draft was ever received by plaintiff, and the facts and circumstances would seem to indicate that the draft was either paid, when presented by Moore, or was never presented by him. The evidence does not show, or indicate, that defendant has ever received any money on account of said collection. So far, then, as we understand the record, there is not much, if any, dispute as to the facts.

The material, meritorious and controlling question in the case, however, was, as to whether, upon the delivery of the draft to defendant, or whilst it was in his possession, he was directed by plaintiff to send it to a specified agent in Arkansas, for collection, and upon this question the testimony of plaintiff and defendant is directly conflicting and contradictory. They were the only witnesses, testifying in the case, except one Yandall, called in rebuttal, whose testimony we deem unimportant. Plaintiff, Butts, testifies that the draft, when

delivered to defendant by McAlpine, was not then due, and that in one half hour, thereafter, he called and informed defendant that he knew the Prindle Brothers, at Watson, Arkansas, to be reliable attorneys, and directed defendant to send the draft to them for collection. On the other hand, the defendant testifies that he was given no directions as to the collecting agent, in Arkansas, and that, in the absence thereof, and of personal knowledge, on his part, of any attorney in the county, where the parties lived, he sent the same to one Moore, whose name he found in Hubbell's Legal Directory. This, being in substance the material evidence upon the main question, so far as we need now notice the same, the case was properly submitted to the jury for their determination.

Defendant now contends that the amended statement fails to state facts sufficient to constitute a cause of action, and that it is just as vulnerable to this objection as the original statement, heretofore held to be insufficient. As said by this court, in its former opinion, the original statement then before it did not contain an averment of a single fact, but only stated a conclusion of law, and was not sufficient to advise the defendant of the nature of the claim, nor specific enough to be a bar to another action. The amended statement is as follows:

"Now comes the plaintiff, and for amended petition states that the plaintiff and J. H. McAlpine were partners in the years 1875 and 1876, and in the spring of 1875, McAlpine delivered to H. E. Phelps a check or draft, upon Stroud & McBride, for the sum of one hundred and twenty-five dollars, and directed him to send the same to Prindle Bros., Arkansas, for collection, and, before the same had been sent by defendant, plaintiff called upon the defendant and gave him some directions, but the defendant, wholly disregarding the requests and directions of the plaintiff, sent said draft to one

Moore, of Arkansas ; that, by reason of the conduct of the defendant, in disobeying the orders and directions of the plaintiff, the plaintiff is damaged in the sum of fifty dollars, for which he asks judgment."

The averments, as to delivery of the said draft, on Stroud & McBride, to defendant for collection, purport, we think, an indebtedness on their part to plaintiff in the amount of the draft, and that the plaintiff was the owner and lawfully entitled to collect the amount of the said draft.   The amended statement fairly apprized defendant of the nature and ground of plaintiff's claim, and the extent of the damages, and thus enabled him to prepare his defence, and to show that no such special directions were, in fact, given, or obeyed if given, and that no damage was occasioned plaintiff by his action in that behalf.   It is also certain and specific enough, we think, to support a judgment and to bar another action, and, although imperfectly and inartificially drawn, perhaps, meets the above mentioned objections to the original.

The action of the court, in giving and refusing instructions, is also complained of, but the law, as declared, conforms to the doctrine announced in the prior decision of this court, and we see no substantial reason for another reversal upon any of the grounds specified in this behalf.

This leads to an affirmance of the judgment and it is accordingly so ordered.   All concur, except Brace, J., absent.