## WEESE v. BROWN, *Appellant.*

1. **Justice's Courts.** Proceedings before justices of the peace should be liberally construed.

2. ———— : STATEMENT. A statement in an action for debt before a justice of the peace need merely be definite enough to fairly inform defendant of the nature of plaintiff's demand and to furnish a sufficient basis for a plea of former adjudication in event a final judgment be rendered.

3. ———— : ————. The following statement in an action before a justice of the peace is sufficient : " 1884, Henry Brown to Joseph Weese, Dr., To amount due on contract for digging well, $60."

| 102 | 299 |
| 54a | 664 |
| 102 | 299 |
| 126 | 231 |
| 102 | 299 |
| 66a | 72 |
| 102 | 299 |
| 137 | 590 |
| 102 | 299 |
| 80a | 429 |
| 102 | 299 |
| 96a | 629 |

4.  Practice: EXCESSIVE VERDICT. The objection that a verdict is excessive must be brought to the attention of the trial court in the motion for new trial, or it will not be reviewed in the appellate court.

5.  ———: DEMAND. The objection of a want of demand cannot be raised in the appellate court for the first time.

*Transferred from Kansas City Court of Appeals.*

REVERSED AND REMANDED.

THIS cause was transferred from the Kansas City court of appeals under section 6 of the constitutional amendment of 1884, Judge PHILIPS being of opinion that the decision of the majority therein was in conflict with authoritative rulings of the supreme court. The report of the case is to be found, 28 Mo. App. 521.

The action was begun before a justice of the peace, and defendant concedes that the following was the account filed there on which the preceedings are based, viz.: "1884, Henry Brown to Joseph Weese, Dr., To amount due on contract for digging well, $60."

After judgment for plaintiff before the magistrate, defendant appealed to the circuit court where the cause was tried anew.

Plaintiff's proof was "that sometime in latter part of August, or early part of September, 1884, he made a contract with defendant to dig him a well thirty-five feet deep unless he should secure in a less distance fifteen or sixteen buckets of water during the run of the night. For which defendant was to give him a certain cow and $15 in money. Plaintiff also proved that at two different times he and others measured it and, at one time, found thirty-three buckets and the others sixty buckets; and also that defendant had stated that he might have the amount of water but claimed it was surface water."

This was all the evidence offered by plaintiff.

Defendant introduced evidence as follows: Two witnesses swore that on the ninth day of September, 1884, they drew out all the water and on the tenth about twelve hours afterwards they measured the water and found about six buckets full. And four witnesses swore that on the sixteenth of same month they drew out all the water and measured the water the next morning about twelve hours afterward and found twelve buckets of water. Also by a number of witnesses that between that time and the day of trial it was measured twice and found water to the amount of two and one-half gallons per hour; that during this time there was considerable rain; that a bucket holds three gallons.

This was all the evidence in the cause.

The court gave two instructions at plaintiff's instance. The first was as to the effect to be given to the testimony of any witness whom the jury might believe had wilfully sworn falsely, etc. No point is made as to that here.

The second was as follows, viz.:

"2. The court instructs the jury, if they believe from the evidence the plaintiff dug the well for the defendant, and obtained the amount of water agreed upon by the parties when they made said contract for the digging of the same, they will find for the plaintiff."

To the giving of the latter instruction defendant excepted at the time.

The jury returned a verdict for plaintiff for $44.40, and the court then rendered judgment accordingly.

Defendant's motion for new trial was based on these grounds, viz.:

*First.* Because the jury decided the case against the law and the evidence.

*Second.* Because the jury disregarded the instructions of the court.

*Third.* Because the jury decided the case against the weight of the evidence.

*Fourth.* ( Facts relating to argument of plaintiff's counsel not supported by proof and not argued here.)

*Fifth.* Because the court erred in allowing the case to go to the jury upon the evidence for the reason that the same was not responsive to the plaintiff's complaint.

*Sixth.* Because the evidence of plaintiff proved a contract entirely different from that alleged.

*Seventh.* Because the court erred in giving instruction, numbered 2, on part of plaintiff over the objection of defendant.

*Eighth.* Because instruction, numbered 2, given on part of plaintiff is misleading.

In defendant's motion in arrest the only new ground assigned was that "no sufficient cause of action was ever filed in the case."

These motions were overruled, exceptions saved and in due time an appeal was taken by defendant. The other material facts are mentioned in the opinion.

*T. G. Rechow* for appellant.

The statement is not sufficient to constitute a cause of action. *Brashears v. Strock*, 46 Mo. 227 ; *Swartz v. Nicholson*, 65 Mo. 508 ; *Butts v. Phelps*, 79 Mo. 302 ; *Razor v. Railroad*, 73 Mo. 471. But if the statement should be adjudged sufficient, then there is an entire failure of proof. The statement says, "Amount of contract for digging well, $60." The proof is that defendant was to pay a certain cow and $15. The evidence does not show the value of the cow or that she was ever demanded. It does not show the reasonable value of the work done, if it be treated as a suit on a *quantum meruit.* *Duncan's Adm'r v. Fisher*, 18 Mo. 403 ; *Beck v. Ferrara*, 14 Mo. 30. Before the plaintiff could recover a money judgment is devolved upon him to show by the evidence that he demanded the cow and that defendant

refused to deliver, as well as the value of the cow. *Weil v. Tyler*, 38 Mo. 546. The instruction tells the jury if they find plaintiff dug the well, and obtained the amount of water, then plaintiff is entitled to recover a money judgment. Even in case it was not necessary to demand the cow, yet the value of the cow would be the measure of plaintiff's recovery, and without this proof there could be no recovery.

*B. J. Emerson* for respondent.

BARCLAY, J.—Proceedings before justices of the peace are construed liberally in accordance with the spirit of the legislation investing them with jurisdiction.

A statement of claim, in beginning such an action as this, in such a court, need merely be definite enough to fairly inform defendant of the nature of plaintiff's demand and to furnish a sufficient basis for a plea of former adjudication in event a final judgment be rendered.

Such was the last authoritative ruling of the supreme court prior to the decision of the Kansas City court of appeals in this case. *Butts v. Phelps* ( 1886 ), 90 Mo. 670.

We consider that the statement in the present action comes up to the standard indicated, and is sufficient.

II. There was no dispute at the trial over the fact of the contract sued upon, or as to its terms as stated by plaintiff. The evidence of both parties was aimed at the substantial difference between them, namely, whether or not it had been performed on plaintiff's part. As to this issue the testimony was conflicting and the instruction, numbered 2, submitted it fairly to the jury.

III. The purport of plaintiff's evidence was that, when he had dug the well as agreed, defendant was to give him " a certain cow and $15 " as compensation ; yet he offered no testimony of the value of the cow. But

the oversight of this element of his damages would not preclude him from recovering at least the $15 stipulated.

The animal, however, was a part of the consideration which became due on the performance of the contract. The jury evidently fixed its value at the sum of $29.40 by some process of reasoning or inference, or by personal knowledge, not disclosed by this record.

But to the extent of $15, at least, the verdict was fully supported by the law and the evidence. If defendant objected to the jury's assessment of $29.40 additional, as the equivalent for the cow, he should, in some way, have called the attention of the trial court, in his motion for a new trial, to the excess in the damages awarded. *Ridenhour v. Railroad, ante,* p. 270. This he did not do. None of the grounds of that motion can possibly be construed as alluding to excessive damages. So that point is not now available to defendant in this court. *Vineyard v. Matney* (1878), 68 Mo. 105.

Had such a ground for new trial been assigned in the motion, plaintiff could, at once, have removed the objection by reducing the amount of the finding to $15, by a *remittitur.* But, as defendant made no such objection, plaintiff, as well as the court, in the peculiar case here presented, might justly have inferred that defendant took no exception to the assessment of value of the cow.

IV. But the learned appellate judge, who had the cause transferred to this court, seems to have thought that plaintiff could not recover, because he offered no proof of a demand of defendant for the cow before the institution of this action.

Without deciding whether or not such demand was necessary under former rulings of this court on the subject (*Cornelius v. McDonald* (1828), 2 Mo. 55; *Rollins v. Claybrook* (1856), 22 Mo. 405), it is enough to say that, even if it were, the objection of a want of demand cannot be raised in an appellate court for the first time. *Folden v. Hendrick* (1857), 25 Mo. 411.

Such a point, if relied upon, must, in some wise, be called to the notice of the trial court for its action. Otherwise it cannot properly form a subject for review.

The court gave no instruction on the proper sum to be awarded in event of a finding for plaintiff, and defendant asked no such direction to the jury. So the rulings on the instructions do not raise the point referred to.

We, therefore, cannot properly interfere with the verdict, in this state of the record, merely because it may seem to be for somewhat too large an amount under the testimony. This court, in cases such as this, is authorized to review only such exceptions as shall have been expressly decided by the trial court. R. S. 1889, sec. 2302 ; · *Pickle v. Railroad* ( 1873 ), 54 Mo. 219.

The judgment of the circuit court should be affirmed, and the cause is remanded to the Kansas City court of appeals with directions to enter an order to that effect, with the assent of all the members of this court.