C. H. LEE, Respondent, v. THE WESTERN UNION
TELEGRAPH COMPANY, Appellant.

St. Louis Court of Appeals, November 22, 1892.

| 51 | 375 |
| 57 | 160 |

| 51 | 375 |
| 144m | 506 |
| 72 | 116 |

| 51 | 375 |
| 101 | 4506 |

1. **Justices' Courts:** STATEMENT OF CAUSE OF ACTION. The statement of a cause of action, instituted before a justice of the peace for negligence in the transmission of a telegram, is *held* sufficient, although it did not set forth the language of the telegram, nor point out wherein the mistake complained of consisted further than by stating that the meaning of the telegram had been negligently altered.

2. ———: ———: SPECIAL DAMAGES. The rule that special damages must be specially pleaded does not extend to an action commenced before a justice of the peace.

3. **Negligence in Transmission of Telegrams:** RIGHT OF ACTION FOR DAMAGES. When a telegram, which has been erroneously transmitted, relates to the business of the employer of the addressee, but the telegraph company is not apprised thereof by what appears upon the face of the telegram or otherwise, the right of action for the damages is in the addressee and not in the employer.

4. ———: DAMAGES. When a telegraphic message on its face is designed to prevent certain contemplated action, or the telegraph company is, from the terms of the message or otherwise, formally apprised that such was its purpose, and yet, in consequence of the failure of the company to transmit it correctly, or to deliver it within a reasonable time, such contemplated action was not prevented, the company will be liable for the resulting damages.

5. ———: ———. And *held* under this rule, that, where the addressee traveled from a distance to see the sender at a time when the latter was absent, and this was due to the incorrect transmission of a telegram which had stated that the sender would be absent at that time, the addressee could recover his traveling expenses as damages.

6. ———: ———. But, it appearing that the addressee had made the journey in the interest of his employer, by whom his wages had been paid for a period which included the time spent in this journey, it was further *held* that the assessment of his damages should not include compensation for the loss of that time.

*Appeal from the St. Louis City Circuit Court.*—Hon. Jacob Klein, Judge.

Reversed and remanded.

*Dickson & Smith,* for appellant.

(1) The court erred in admitting the testimony of respondent with respect to the amount of his traveling expenses and value of the time lost by him in his trip to St. Louis and return, as such damages were not pleaded. *State ex rel. v. Blackman,* 51 Mo. 320; *Brown v. Railroad,* 99 Mo. 318; *Adams v. Gardner,* 78 Ill. 568; *Buckley v. Holmes,* 19 Ill. App. 530; *Stamping Works v. Hoehler,* 45 Hun, 150; *Jutte v. Hughes,* 40 N. Y. Sup. Rep. 126; Thompson on the Law of Electricity, sec. 402. (2) The court erred in admitting the testimony of respondent as to the value of the time lost by him in making the trip mentioned, and in sustaining respondent's objection to that portion of his answer to cross-interrogatory 3, respecting the receipt of his salary during the time consumed in making said trip; and the court erred in awarding respondent compensation for loss of time, when his own testimony showed that his visit was solely upon his employer's business, and that his employer paid him for the time consumed. *Drinkwater v. Dinsmore,* 80 N. Y. 390; *Moody v. Osgood,* 50 Barb. 628; *Railroad v. Mallette,* 9 S. Rep. 362. (3) The court erred in giving judgment for respondent, as under his own testimony the damages by him sustained, if any, did not arise directly from any negligence by him complained of. (4) Under respondent's own testimony the right of action, if any, is in his employer. (5) Appellant's motion in arrest of judgment should have been sustained, for the reason that the petition does not state facts sufficient to constitute a cause of

action, and the damages complained of being entirely special in their character should have been pleaded. Authorities under point 1; *Rosenburg v. Boyd*, 14 Mo. App. 429.

*C. L. Mott*, for respondent.

THOMPSON, J.—This was an action for damages by the recipient of a telegraphic message transmitted over the defendant's lines, for a mistake in its transmission whereby he was put to damage. On trial anew in the circuit court before the judge sitting as a jury, a finding and judgment were rendered in favor of the plaintiff in the sum of $47.95, from which the defendant prosecutes this appeal, assigning the following errors: *First.* That the court erred in admitting the testimony of the plaintiff with respect to the amount of his traveling expenses, and the value of the time lost by him in consequence of the error in the message, as such damages were not pleaded. *Second.* That the court erred in admitting in evidence the testimony of the plaintiff as to the value of the time lost by him in making the trip, and in sustaining the plaintiff's objection to that portion of his answer to a cross-interrogatory respecting the receipt of his salary during the time consumed in making the trip, and in awarding damages for the loss of his time, when the testimony showed that his visit was solely upon his employer's business, and that his employer had paid him for the time consumed. *Third.* That the court erred in giving judgment for the plaintiff; since under his own testimony the damages by him sustained, if any, did not arise directly from any negligence by him complained of. *Fourth.* That under the plaintiff's own testimony the right of action, if any, is in his employer. *Fifth.* That the defendant's motion in arrest of judgment should have

been sustained, for the reason that the petition does not state facts sufficient to constitute a cause of action, and for the reason that the damages complained of, being entirely in the nature of special damages, should have been pleaded therein.

I.   The first and fifth of these assignments of error relate to the sufficiency of the statement of the cause of action filed before the justice of the peace to authorize an award of special damages; and we shall get these two assignments out of the way before proceeding to the others.

The language of the complaint is as follows: "Plaintiff states that defendant is a corporation doing a general telegraph business in this state. That, on the twenty-fourth day of June, 1891, defendant delivered to plaintiff at Racine, Wisconsin, a telegram, which defendant had negligently and carelessly transmitted, and had negligently and carelessly altered and changed the meaning thereof from that delivered to it in St. Louis, Missouri, for transmittal to the plaintiff, causing plaintiff to make an unnecessary and useless trip from said Racine to St. Louis, Missouri, and return, to his damage in the sum of $100, for which he prays judgment." This statement is sufficient to bar another cause of action for the same subject-matter, and does not, as argued, bring the case within the decision of this court in *Rosenburg v. Boyd*, 14 Mo. App. 429; for, although it does not state the language of the telegram, nor point out wherein the mistake consisted, yet as it is not claimed that any other telegram was delivered by the defendant to the plaintiff on the twenty-fourth of June, the day named in the statement, it must be held that the statement sufficiently identifies the telegram, and the act of negligence of the defendant to bar another action for the same cause without the aid of parol evidence.'

Then, as to the objection that the damages claimed are what the books of the law denominate special damages, and that the statement is insufficient because those damages are not pleaded therein, it is admitted that the rule is as claimed by counsel for the defendant in respect of pleadings in courts of record. *Brown v. Railroad*, 99 Mo. 318. But it has never been held in this state that this rule extends to statements of causes of action filed before justices of the peace, and it would be entirely opposed to a uniform line of decisions in this state so to hold. Without citing the numerous cases on the question, the well-known rule in this state is that a statement of a cause of action, in an action commenced before one of these popular tribunals, is always held sufficient where it identifies the grounds of the action with such certainty as to apprise the defendant of what the plaintiff claims of him, and to bar a future action on the same subject-matter. The statement in the present case is quite as good as that which the supreme court upheld in *Butts v. Phelps*, 90 Mo. 670, 674, where, as here, the damages sued for were in the nature of special damages. That case is a very good illustration of the principle which governs this case. The action was originally brought before a justice of the peace on the following statement: "The plaintiff states that the defendant is indebted to him in the sum of $50 lawful currency, for which he asks judgment." This statement was held insufficient (*Butts v. Phelps*, 79 Mo. 302), for the obvious reason that it stated nothing but a conclusion of law, and our holding in *Rosenburg v. Boyd*, 14 Mo. 429, was a similar holding. But on being remanded the statement was amended in the circuit court so as to read as follows: "Now comes the plaintiff, and for amended petition states that the plaintiff and J. H. McAlpine were partners in the years 1875 and 1876, and in the spring of 1875

McAlpine delivered to H. E. Phelps a check or draft upon Stroud & McBride for the sum of $125, and directed him to send the same to Prindle Bros., Arkansas, for collection, and, before the same had been sent by the defendant, the plaintiff called upon defendant and gave him some directions, but defendant, wholly disregarding the requests and directions of the plaintiff, sent said draft to one Moore, of Arkansas; that, by reason of the conduct of the defendant in disobeying the orders and directions of the plaintiff, the plaintiff is damaged in the sum of $50, for which he asks judgment." The supreme court held that this was a good statement, for the reason that it "fairly apprised the defendant of the nature and ground of the plaintiff's claim, and the extent of the damages, and thus enabled him to prepare his defense, and to show that no such special directions were in fact given, or obeyed if given, and that no damage was occasioned plaintiff in that behalf." *Butts v. Phelps*, 90 Mo. 670, 674, 675. The same observations may, we think, be made with reference to the statement before us, with the additional observation that the rule that special damages must be specially pleaded does not extend to actions commenced before justices of the peace. Whether the defendant might have been entitled to have the statement made more definite and certain in this particular need not be considered, because no such motion was made in its behalf. We, therefore, hold the statement sufficient.

II. We shall next dispose of the assignment that, upon the plaintiff's own testimony, the right of action, if any, was in his employer. There was no dispute at the trial of the facts in any particular. The evidence upon which the court made its finding consisted of the deposition of the plaintiff, and also of an agreed statement of the facts. This evidence showed that the

plaintiff was employed by the J. I. Case Threshing Machine Company, at Racine, as its treasurer and general solicitor, at a salary of $5,000 a year; that in this character he had important business with H. M. Pollard, Esq., an attorney-at-law at St. Louis; that this business was wholly the business of the J. I. Case Threshing Machine Company; that the plaintiff on June 19 wrote to Mr. Pollard from Racine, inquiring whether the latter would be at his office in St. Louis during the latter part of the week commencing June 21, and requesting a consultation with him with reference to some legal business of the J. I. Case Threshing Machine Company on some day during the latter part of that week; that, on June 21, Mr. Pollard replied by letter to the plaintiff, stating that he would be able to confer with him at the time and place named in the plaintiff's letter; that on the twenty-first of June Mr. Pollard, finding that he was about to be called away to Kansas City on business before one of the courts there, wrote out and delivered the defendant for transmission to the plaintiff the following telegram, paying the usual fee therefor: "C. H. Lee, care J. I. Case T. M. Co., Racine, Wis.: I have to be away *till* Saturday morning next;" but by a mistake in its transmission it read, when delivered: "I have to be away *all* Saturday morning next;" that thereupon, and on the same day, June 24, the plaintiff transmitted to Mr. Pollard, over the defendant's wires, a dispatch reading as follows: "Expect me Friday morning, unless otherwise informed;" that, on receiving no reply to this, the plaintiff left Racine at four P. M., on June 25, and proceeded to St. Louis to keep the engagement thus made with Mr. Pollard; that he arrived at St. Louis on the morning of Friday, June 26, and learned from the clerk of Mr. Pollard that the latter had gone to Kansas City to attend court there, and that, as he was

waiting upon the hearing of a cause in court, the date of his return was uncertain. Thereupon the plaintiff, not having provided himself with clothing sufficient to enable him to remain over Sunday, and feeling an uncertainty as to the date of Mr. Pollard's return, went back to Racine without seeing Mr. Pollard; that in making the trip he incurred the expenses hereinafter stated. Under this evidence we take it that the assignment of error, that the right of action, if any, was in the J. I. Case Threshing Machine Company, was not well taken. We rest our conclusion upon the ground, that the telegram in which the mistake occurred was not directed to the J. I. Case Threshing Machine Company, nor to the plaintiff as an agent or employe of the J. I. Case Threshing Machine Company; that there was nothing on the face of it which apprised the defendant that it related to the business of the J. I. Case Threshing Machine Company; that it, therefore, does not appear that, in transmitting it, the defendant undertook any duty in behalf of the J. I. Case Threshing Machine Company. The mere fact that it was addressed to the plaintiff in care of the J. I. Case Threshing Machine Company does not raise any duty on the part of the defendant in behalf of that company. The action proceeds in tort for the violation of a public duty voluntarily assumed for a reward toward the plaintiff as the addressee of a telegraphic message, and, upon the evidence, the duty was assumed toward the plaintiff alone, and not toward the J. I. Case Threshing Machine Company, or any other person or corporation. It is clear that an action could not have been sustained by the J. I. Case Threshing Machine Company for this mistake, without showing, outside the telegraphic message, that the agents of the company, who had to do with it, were apprised in some way that it related to the business of that company—of which there is no

evidence in this case.   This assignment of error must, therefore, be overruled.

III.   We shall next get out of the way the assignment of error, that the court erred in giving judgment for the plaintiff for the reason that under his testimony the damages by him sustained, if any, did not arise from any negligence by him complained of.   We shall deal with this subject only so far as it relates to the damages proved by him, consisting of the railway fares and other traveling expenses which he incurred in making the trip from St. Louis to Racine and back, being of opinion, for reasons hereinafter to be stated, that he cannot recover anything for the loss of his time, or for the loss of earnings.   That the damages sustained by him, amounting according to his testimony to $23.95, which consisted of the expenses made by him in consequence of his trip, were damages recoverable of the defendant as proceeding directly and proximately from its error in delivering the message to him, clearly appears upon principle and authority.   The rule applicable to such a case clearly is that, where the message was on its face designed to *prevent* certain contemplated action, or the company was, from the terms of the message or otherwise, formally apprised that such was its purpose, and yet, in consequence of the failure of the company to transmit it correctly, or to deliver it within a reasonable time, such contemplated action was not prevented, the company will be liable for the resulting damages.   This is clearly illustrated by a case finally determined by the court of appeals of New York, where the plaintiff intrusted to the defendant, a telegraph company at the City of New York, for transmission by telegraph, a message directed to his attorney at Buffalo as follows:   "Hold my case till Tuesday or Thursday.   Please reply."   The plain-

tiff, at the same time, informed the servant of the company, who had charge of the receipt of messages for transmission, that the message related to a lawsuit in Buffalo, which was expected to be called for trial, and that it was of great importance that the party sending it should get a reply next day, in order that he might know when to go to Buffalo. The message was never sent at all. The plaintiff waited for a reply and received none; and, supposing that an adjournment of the case could not be procured, went with his counsel to Buffalo to attend the trial, and found that the case had been adjourned. He was, accordingly, obliged to go again to Buffalo with his counsel to attend at the trial at the adjourned day. It was held that he was entitled to recover as damages, not only the expense of himself and counsel on the first journey to Buffalo, but also the fee which he was obliged to pay his counsel for going there the next time. The court reasoned that it was a natural inference for the plaintiff to draw from the failure to receive a reply, that the party addressed was absent from Buffalo, and that his message had failed to accomplish its object, for which reason the attendance of himself and counsel at Buffalo was required. *Sprague v. Tel. Co.*, 6 Daly (N. Y.) 200; s. c., affirmed, 67 N. Y. 590. Here the evidence makes it clear that the journey which the plaintiff took to St. Louis, and the necessary expenses attending that journey, were the direct consequences of the mistake of the defendant in changing the word "till" in the message of Mr. Pollard to the word "all." This clearly indicated to the plaintiff that Mr. Pollard would be in St. Louis until Saturday, and the plaintiff naturally and reasonably concluded that he could obtain his interview with him on the preceding day. It is true that he telegraphed to Mr. Pollard telling him to "expect me Friday morning, unless otherwise

informed;'' but the uncontradicted evidence shows
that the reason why Mr. Pollard did not reply to this
dispatch, informing plaintiff that he would be absent
from the city until Saturday, was that he received this
message from the plaintiff at 4:15 P. M. of the twenty-
fourth, and that, as he had delivered his message in
which the mistake occurred at 3:05 P. M. of the same
day for transmission to the plaintiff, he supposed that,
when the plaintiff received his message informing him
that he, Pollard, would be out of the city till Saturday,
the plaintiff would postpone his trip to that date. In
other words, Mr. Pollard evidently supposed that the
two messages had crossed each other on the way, and,
naturally assuming that his message had been correctly
delivered to the plaintiff, he did not send him a further
telegram. This assignment of error is, therefore, over-
ruled.

IV. We shall lastly consider the second assign-
ment of error made by the defendant, as already
recited. In stating in his deposition the damage to
which he was put in consequence of the mistake in the
telegram, the plaintiff includes this item: "Time lost,
four P. M., Thursday, to noon, Saturday, say $24."
This statement in the deposition was objected to by
the defendant as incompetent and irrelevant, but the
court overruled the objection, and the defendant
excepted. Touching this matter the following cross-
interrogatory was put to the plaintiff: "State your
occupation, and, if in your answer you say you were
an officer of a corporation, give the name of the cor-
poration (and state whether or not you have received
your salary or pay for the day and a half mentioned in
your petition, for the loss of which day and a half you
claim $24)." So much of the question as is included
in the parentheses was objected to by the plaintiff as
VOL. 51—25

incompetent, irrelevant and immaterial, and the court sustained the objection, and the defendant excepted. The deposition shows that the answer given by the plaintiff to the cross-interrogatory was as follows: "I repeat answer to interrogatory 1, *supra:* ('My salary for the month of June, 1891, was paid me June 30, and included the day and a half in question. The amount was $416.66 for twenty-six working days.') The recovery will, of course, belong to the company." So much of this answer as is within parentheses was objected to by the plaintiff as incompetent, irrelevant and immaterial, which objection the court sustained, the defendant excepting. In answer to the next question the defendant stated that he was receiving a salary at the rate of $5,000 per annum. In making up its finding, the court, sitting as a jury, allowed these $24 claimed by the plaintiff in his deposition as "time lost." We must conclude that, in making this allowance, the court erred. We have given careful attention to the argument submitted to us in behalf of the plaintiff on this question, and we shall state the holdings of some of the cases to which we are referred in that argument. Where a physician sued for a personal injury, and included in his claim for damages the expenses to which he had been put in effecting his cure, it was held no error to exclude evidence of a custom among physicians not to charge members of their own profession for services rendered. *Indianapolis v. Gaston,* 58 Ind. 225. In a similar action, where the allegation of damages included expense for nursing, it was held no error to allow the plaintiff to prove what the nursing was worth, although the services had been rendered free of charge. *Pennsylvania Ry. Co. v. Marion,* 104 Ind. 239. Where the plaintiff sued for damages for an assault and battery, it was held that he was entitled to recover as damages the amount of the

bill of the surgeon who had treated him for his injuries, although the account had been paid by the trustees of the township. *Klein v. Thompson*, 19 Oh. St. 569. Where the plaintiff sued for personal injuries growing out of the negligence of the defendant, alleging as elements of damage money expended for nursing, etc., it was held not error to instruct the jury to take into consideration the expenses for nursing and medical attendance, and to make no deduction because the plaintiff had been aided by charity. *Norristown v. Moyer*, 67 Pa. St. 355. So, in a libel in admiralty for a similar injury, the plaintiff was allowed in the way of damages the value of the services rendered in nursing her, although such services had been rendered to her gratuitously. *The D. S. Gregory*, 2 Ben. (U. S.) 238. So, it has been held, in an action for personal injuries received in consequence of the negligence of the defendant, that a sum received by the plaintiff on an accident policy in consequence of such injuries cannot be considered by the jury in reduction of the damages. *Bradburn v. Railroad*, 10 L. R. Exch. 1. In line with these authorities is a case on which the plaintiff most closely relies, where the supreme court of Indiana held that, in an action like the one before us, the plaintiff is not precluded from recovering the value of the time which he has lost by reason of the injury, by the fact that his employer has continued his salary. *Ohio, etc., Ry. Co. v. Dickerson*, 59 Ind. 317.

With the exception of the principle declared in *Bradburn v. Railroad, supra*, that the party liable to pay damages cannot avail himself of a collateral policy of insurance which the plaintiff has bought and paid for, we are not prepared to say that any of the foregoing decisions express the law of this state. Where compensatory damages only are given, the recovery must be confined to the actual damages sustained. *Hannibal*

*Bridge Co. v. Schaubacher*, 57 Mo. 582; *Duke v. Railroad*, 99 Mo. 351. A simpler case illustrating this principle could not be put than the one before us. The claim of the plaintiff to recover this item as damages is made by him to stand on the footing of *loss of salary*. But his own evidence, rejected by the court, shows that he lost no part of his salary, but that his salary for the entire month was paid without any abatement by the J. I. Case Threshing Machine Company. This brings the case exactly within the decision of the New York court of appeals in *Drinkwater v. Dinsmore*, 80 N. Y. 390. In that case the plaintiff had been injured by being thrown from his wagon in consequence of an obstruction placed in the highway by the servant of the defendant. He was an engineer in the employment of the Knickerbocker Ice Company. He was injured on the first day of April, and he testified that he was unable to return to the boat upon which he was employed until the fifteenth day of June, and to attend to his work until October thereafter, in consequence of the injury. He then further testified, in answer to questions put to him by his own counsel, that his regular wages were $70 per month and board. Upon his cross-examination he was asked by the defendant's counsel this question: "During the time when you were sick with this broken leg, were not your wages paid for by the Knickerbocker Ice Company?" His counsel objected to this question, and the court sustained the objection. The court of appeals held that the question was proper. The court said: "The plaintiff had given evidence of the loss of his wages as an item of damage, and the evidence sought to be elicited by this question might have shown, and we may assume here would have shown, that he did not suffer such loss." Further on, the court said: "The proof was offered, not in mitigation or satisfaction of any damage actually done the

plaintiff, but to show that he did not suffer the damages claimed, to-wit, the *loss of wages*. Before the plaintiff could recover for the loss of wages, he was bound to show that he lost the wages in consequence of the injuries, and how much they were. The defendant had the right to show that he lost no wages, or that they were not as much as claimed.'' The rest of the reasoning of the New York court is also opposed to the doctrine of the cases already cited, which are relied upon by the plaintiff. If this element of damages is allowed, the case is landed in the absurdity that the defendant is allowed to recover $24 for lost wages, when his own testimony shows that the wages were not lost, but were paid to him by his employer.

We are, therefore, of opinion that the court erred in the rulings on the evidence above stated, and in including this item of $24 in its award of damages. But it will not be necessary to reverse the judgment for this error, because it can clearly be cured by a *remittitur*. If the plaintiff will, within ten days from the filing of this opinion, remit from the judgment the sum of $24, it will be affirmed as to the residue; otherwise it will be reversed and the cause remanded. It is so ordered. All the judges concur.