J. C. McHANEY, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

Springfield Court of Appeals, July 7, 1910.

1. CARRIERS: Damage to Freight Shipment: Restricted Valuation. In a suit against a railroad company for damages for injury to a shipment of monuments, the bill of lading introduced by the defendant showed a restricted valuation, but there was no evidence that plaintiff ever saw the bill of lading until it was offered at the trial; neither was there evidence that the rate charged was a special rate or other than the full tariff rate, nor did the answer plead the special contract. *Held*, the court did not err in refusing to limit defendant's liability to the value named in the bill of lading.

2. **PRACTICE: Excessive Verdict: Motion for New Trial.** In order to preserve the point that a verdict is excessive it is necessary that defendant call the trial court's attention thereto in a motion for new trial, otherwise it cannot be considered by the trial court.

Appeal from Dunklin Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*W. F. Evans* and *James Orchard* for appellant.

*J. T. McKay* and *J. P. Tribble* for respondent.

GRAY, J.—This cause was instituted by plaintiff filing his petition in the circuit court of Dunklin county, on the 11th day of October, 1905. The plaintiff alleged that on or about the 14th day of August, 1905, he caused to be shipped from Montpelier, Vermont, via. the defendant, to Kennett, Mo., three cases of granite monuments of the value of two hundred dollars; that said property arrived at Kennett in one of the cars of the defendant in good condition; that it was the duty of the defendant to unload the property at its depot in Kennett when the same arrived, but the defendant neglected to unload the monuments, but carelessly and negligently permitted the same to remain on the car and permitted the car to be removed from Kennett to another point or points on defendant's road, and then returned to Kennett with the said monuments therein, and by the carelessness and negligence of the company, its agents and servants in placing or causing to be placed, meat or other greasy substance on said monuments after the same arrived at Kennett, the monuments were damaged and rendered worthless to plaintiff's damage in the sum of two hundred dollars. The answer was a general denial.

Plaintiff's testimony is to the effect that when the monuments arrived at Kennett, they were all right, but

there were other goods in the car and they were unable to get to the monuments to remove them and the car was taken south to Leachville and returned the same evening to Kennett; that when the car returned to Kennett, there was no freight in it except the monuments, and that on examination it was found that grease was on one of the monuments, and plaintiff refused to accept it.

The only testimony concerning the amount of plaintiff's damages was offered by the plaintiff. He testified he had the monuments sold for two hundred dollars and that after the injury to the monuments he duplicated the same for one hundred dollars. The testimony as to how the grease got on the monuments came from a witness offered by the defendant, who testified that when the car containing the monuments arrived at Kennett, it also contained a lot of bacon consigned to Owl City, Mo. That in moving the freight in the car he piled the bacon on the monuments. The cause was tried before the court without a jury, resulting in a judgment in favor of plaintiff for two hundred dollars, from which the defendant appealed.

The appellant contends there was no proof establishing the fact that the property was injured while in the possession of the defendant. The employee of the defendant testified that the grease got on the monuments after the car arrived at Kennett, and it was caused by placing the bacon on the monuments while they were removing other freight from the car.

The bill of lading offered by the defendant contains the following clause: "Valuation restricted to 40 ct. per cubic foot under official classification." And it is claimed that plaintiff is only entitled to recover the amount thus specified. There is no evidence that the plaintiff ever saw the bill of lading until it was offered at the trial. There was no evidence that the rate charged for shipping the monuments was a special rate, or that the full tariff rate was not charged. The answer did not plead any contract releasing the carrier from

its common law liability. For these reasons, the court did not err in refusing to limit plaintiff's liability to the value named in the bill of lading.

It is insisted that the judgment is excessive. The defendant asked two instructions on the measure of damages. In one, defendant asked to have the damages fixed at 42 cents per cubic foot for the monuments. For the reasons heretofore given, the court was justified in refusing that declaration. The other limited the plaintiff's right to recover to the amount actually paid for the monuments in Vermont. This was also erroneous. In the motion for new trial, no complaint was made that the verdict was excessive. In order to preserve this point for consideration in this court, it was necessary for the defendant to have called the trial court's attention thereto in its motion for new trial. [Ridenhour v. Cable Railroad Co., 102 Mo. 270, 14 S. W. 760; Weese v. Brown, 102 Mo. 299, 14 S. W. 945.]

Finding no material error in the proceedings which have been properly brought to this court, we will affirm the judgment. All concur.