C. E. FITCH, Appellant, v. WESTERN UNION TELEGRAPH COMPANY, Respondent.

St. Louis Court of Appeals, June 28, 1910.

1. TELEGRAPH COMPANIES: Duty in Transmitting Messages: Actions Ex Contractu and Ex Delicto. In an action against a telegraph company for failing to deliver a message, its liability for failure to exercise ordinary care and reasonable promptness in transmitting and delivering the message is the same, whether the action be in contract or tort.

2. ———: ———: Action Ex Contractu: Damages. In an action against a telegraph company for breach of a contract to transmit a message, plaintiff may recover only such damages as reasonably and naturally arise from the breach, or such as may reasonably be supposed to have been contemplated by the parties when the contract was made.

3. ———: Failure to Deliver Message: Remedy. One injured by a telegraph company's failure to transmit a telegram may sue in contract or in tort.

4. ———: ———: Action Ex Delicto: Damages. In an action in tort against a' telegraph company for failing to deliver a message, the company may be held for the direct and proximate consequences of its wrong, without having had the same information respecting the nature of the message and the probable result of failure to deliver, essential in an action for breach of contract to render it liable to the same extent, but

Fitch v. Telegraph Co.

the message must show that it relates to an important business transaction and that loss would probably result unless it was promptly transmitted, or the company must have had information to that effect.

5. ———: **Not Common Carriers: Duty in Transmitting Messages.** While telegraph companies are not common carriers in every sense, they nevertheless must serve all alike, and upon undertaking to transmit a message the law lays the duty upon them to exercise ordinary care and reasonable dispatch, and they are charged with notice that serious consequences may result from failure to deliver a message which on its face purports to relate to an important commercial transaction.

6. ———: **Telegram: Implied Notice of Importance.** A telegram: "Letter will give satisfaction comply with same at once," does not charge the telegraph company with notice that it involves an important business transaction.

7. ———: ———: **Notice of Importance: Sufficiency.** The mere fact the sender of a message notified the telegraph company it was very important the message should be rushed through does not charge the latter with notice that it related to an important business transaction.

8. ———: ———: **Failure to Deliver: Special Damages.** Traveling expenses and loss of time incurred in a trip, which was necessitated by the failure of a telegraph company to deliver a message, are special damages, and in order to recover therefor, it is essential for plaintiff to show such a state of facts as evince them to be reasonably supposed to have been contemplated by the parties as the probable result of the breach, at the time the contract for transmission was made.

9. ———: ———: ———: ———: **Information of Importance of Message.** That a telegraph company was informed it was very important that a telegram be rushed is insufficient to charge it with special damages caused by the addressee making a trip, losing time, etc., on the company's failure to deliver the message.

10. ———: ———: ———: ———: ———: **Information Acquired After Making the Contract.** Information acquired by a telegraph company after making a contract to transmit a telegram cannot be considered on an issue of special damages caused by its failure to transmit.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

AFFIRMED.

John D. Rippey and L. C. Kingsland for appellant.

(1) In an action against a telegraph company for negligence in failure to deliver a telegraph message, the addressee is entitled to recover all damages for loss of time and traveling expenses which result to him by reason of a failure to deliver the message. Bliss v. Telegraph Co., 30 Mo. App. 103; McCarty v. Telegraph Co., 116 Mo. App. 441; See v. Telegraph Co., 51 Mo. App. 575. (2) It is negligence on the part of a telegraph company if it fails to use ordinary care to deliver a telegraph message to the addressee as nearly immediately as practicable. Bliss v. Telegraph Co., 30 Mo. App. 103. (3) Where a message is delivered to a telegraph company for immediate transmission, and the sendee inquires at the receiving office, after the message has actually been received at said office, and the company's agent willfully misrepresents the fact, stating that no message had been received for sendee, the telegraph company is liable for all damages resulting to sendee, by reason of the willful wrong on the part of the company's agent. (4) If a telegraph company receiving a message for transmission fails to deliver the message to the addressee it is liable for the price paid for the message if it breaches its contract to deliver the message. Primrose v. Telegraph Co., 154 U. S. 1. (5) In an action against a telegraph company for breach of contract for failure to deliver a telegraph message, the party suffering loss is entitled to receive such damages as flow naturally from such breach of contract, or which might reasonably be supposed to be in contemplation of the parties to the contract at the time such contract was made. Primrose v. Telegraph Co., 154 U. S. 1. (6) If a telegraph message shows on its face that a business transaction is in contemplation the telegraph company will be deemed to be charged with knowledge that substantial damages will result from its non-delivery, which damages are recoverable by the party to the contract

suffering loss. Telegraph Cable Co. v. Lathrop, 131 Ill. 575; Young v. Telegraph Co., 9 L. R. A. 669; McCarthy v. Telegraph Co., 116 Mo. App. 441. (7) Or, if the telegraph company is informed at the time the message is given for transmission that certain damages will result from its non-delivery, or if such knowledge comes to it within time for it to perform its contract, the telegraph company will be liable for such damages if they occur by reason of the fact that it willfully or intentionally breaches its contract to deliver the message.

*Ferriss, Zumbalen & Ferriss* for respondent.

(1) Appellant's abstract of the record fails to show that the evidence, instructions given and refused, motion for new trial, and action of the court thereon, were preserved in the bill of exceptions; consequently this court can examine only those questions appearing on the record proper. Berkley v. Cobbs, 13 Mo. App. 502; Story & Camp v. Ragsdale, 30 Mo. App. 196; McNeil v. Insurance Co., 30 Mo. App. 306; Bank v. Finks, 40 Mo. App. 367; Hohstahdt v. Daggs, 49 Mo. App. 157; Turley v. Barnes, 131 Mo. 548; City v. Milligan, 18 Mo. 182; State v. Sheehan, 25 Mo. 565; Hoffman v. Trust Co., 151 Mo. 520. (2) The finding on the facts of the lower court when sitting as a jury, is conclusive on this court. The instructions given and refused will be reviewed only for the purpose of determining whether the lower court tried the case on the correct theory. Butler Co. v. Bank, 143 Mo. 13; Smith v. Royse, 165 Mo. 654; Trust Co. v. McMillan, 188 Mo. 547; Nelson v. Railroad, 66 Mo. App. 647; Rice-Stix & Co. v. Harper, 74 Mo. App. 383; Iron Co. v. Power Co., 109 Mo. App. 353. (3) The instructions requested by plaintiff submitted the case on the wrong issue, ignored the vital issues in the case and were confused and indefinite. (4) The instructions given by the court were correct, because (a) in actions for special damages against a telegraph company for failure to deliver a telegram, only such dam-

ages are recoverable as were in the contemplation of the parties, at the time the contract was made, as the probable result of a failure to deliver the message. Hadley v. Baxendale, 9 Exch. 341; Landsberger v. Telegraph Co., 32 Barb. 530; Baldwin v. Telegraph Co., 45 N. Y. 744; Candee v. Telegraph Co., 34 Wis. 471; Ferguson Bros. v. Telegraph Co., 178 Pa. 377; Primrose v. Union Tel. Co., 154 U. S. 1; Smith v. Telegraph Co., 83 Ky. 104; Abels v. Telegraph Co., 37 Mo. App. 554; Melson v. Telegraph Co., 72 Mo. App. 111; Hughes v. Telegraph Co., 79 Mo. App. 133. And (b) the damages claimed must be the direct and proximate result of the alleged failure in delivery of the telegram. Telegraph Co. v. Bates, 93 Ga. 352; Baldwin v. Telegraph Co., 45 N. Y. 744; Hosiery Mills v. Telegraph Co., 51 S. E. 290; Lumber Co. v. Telegraph Co., 52 W. Va. 410; Telegraph Co. v. Watson, 94 Ga. 202. (5) Plaintiff is not entitled on this record to recover the seventy-five cents received by defendant for transmitting the message.

NORTONI, J.—This is a suit for damages on account of an alleged breach of contract for the transmission and delivery of a telegraph message. After hearing the proof, the court gave judgment against defendant for nominal damages only and plaintiff prosecutes the appeal.

It appears plaintiff was at Twin Falls, Idaho, negotiating as to the establishment of a mill at that point and had written a letter to J. C. McCaskill of St. Louis, Missouri, to telegraph him about some business matter. As to the contents of the letter mentioned nothing appears in the evidence and with it we are not concerned. It may be said also that the telegram itself did not disclose on its face that it pertained to a business matter any more than it did to some other. McCaskill called upon the agent of defendant telegraph company and delivered to him the following message for transmission on April 16, 1907:

"St. Louis, Mo., April 16th, 1907.

"C. E. Fitch, Twin Falls, Idaho.

"Letter will give satisfaction comply with same at once.

"J. C. McCaskill."

The telegram was marked collect from the sendee at the instance of McCaskill, the sender who was acting as agent for Fitch, the sendee, in the transaction. McCaskill testified that at the time of delivering the message to defendant's agent he informed him it was very important the message should be rushed through but did not mention the fact that it pertained to a business matter of any kind. It appears plaintiff was at Twin Falls, Idaho, where he called at defendant's office on the evening of the same day and inquired if there were a message for him. The man in charge of the office informed him there was none. On the following day, defendant's agent at Twin Falls reported to its agent at St. Louis that it was unable to deliver the message to plaintiff and instructed the St. Louis agent to collect the price for its transmission from the sender, McCaskill. Upon receiving such instructions, defendant's agent in St. Louis called upon McCaskill, notified him the message was undelivered and insisted that he should pay the charges. McCaskill says he instructed defendant's agent at this time that he knew plaintiff Fitch was at Twin Falls, Idaho, and the message could be delivered to him. He says, too, that in this conversation he informed defendant's agent the message pertained to an important business matter and that defendant should make further efforts to deliver it for that reason.

We infer from the testimony that he did not pay the price for sending it until after a second call was made upon him the day following. Plaintiff states that not having received the expected telegram he made arrangements to come to St. Louis forthwith and called a second time at defendant's office at Twin Falls on the

evening of April 18th where he inquired again to the same effect as before but was informed no such message had been received.

The suit proceeds as for a breach of defendant's contractual duty and special damages are sought to be recovered. The items of damage sued for are the amounts expended by plaintiff in paying his railroad fare from Twin Falls, Idaho, to St. Louis and return, together with sleeping and dining car expenditures while en route, and five dollars a day for the time necessarily consumed in making the trips. It is shown that had the message been delivered, the trip to St. Louis would not have been made. The court gave judgment for nominal damages only, for the breach of the contract, on the theory that defendant could not be required to respond for special damages in the absence of proof tending to show such damages were reasonably within the contemplation of the parties at the time the contract for transmitting the message was entered into.

On appeal, plaintiff's argument for a reversal of the judgment is two-fold. It is urged, first, the message on its face sufficiently apprised defendant of the fact that it pertained to an important business transaction and, second, that if it did not, the fact was communicated to defendant by McCaskill, the sender, on the day after the contract for its transmission was made. It may be said at the outset that the suit proceeds as for a breach of the contract and not in tort for the wrong. The form the action has assumed is important only, however, in so far as it relates to the rules by which a recovery may be measured, for notwithstanding the form of the remedy and the measure of damages thereon, the defendant's obligation to exercise ordinary care and reasonable promptness in transmitting and delivering the message is the same in either contract or tort. But, having sued for a breach of the contract, plaintiff will be permitted to recover only such damages as may fairly and reasonably be considered to arise naturally in the

usual course of things from the breach of the contract itself or such as may reasonably be supposed to have been in contemplation of both parties at the time they made the contract as the probable result of the breach of it. It is argued for plaintiff, however, that as the message disclosed on its face it pertained to a business transaction, he is entitled to a substantial recovery for such damages as directly and proximately are traceable to defendant's tort in failing to exercise ordinary care in respect of delivering the same to him. A distinction obtains throughout the law as to the measure of damages which depends more or less on the form of the remedy pursued for the same wrong. In this, as in many other cases, plaintiff is given his choice to sue for a breach of the contract or for the tort, and, of course, if he chooses to proceed as for a breach of the contract, his damages shall be ascertained in accordance with the principles of contract law. On the other hand, if he chooses to proceed for the tort, the measure of damages may be more comprehensive and they are to be determined in accordance with the rules which obtain in such cases. When the action proceeds as for the tort in failing to deliver the message, it seems the company may be required to answer in substantial damages for the direct and proximate consequences of its wrong without having the same information as to details respecting the nature of the message and the probable result which would arise from a failure to transmit or deliver it as is essential in an action brought for a breach of its contract in order to require it to respond to the same extent. [Jones on Telegraph Companies, secs. 518, 519.] But even in actions for the tort, in order to afford the right of a substantial recovery, the message itself must import that it relates to a business transaction of importance and that loss will probably result unless it is promptly transmitted and delivered, or the company must have been in possession of the same information from other sources at the time it undertook to

transmit the message.   [Jones on Telegraph Companies, secs. 518, 519, 528, 529, 535, 536; Reed v. W. U. Tel. Co., 135 Mo. 661, 37 S. W. 904; McCarty v. W. U. Tel. Co., 116 Mo. App. 441, 91 S. W. 976; Lee v. W. U. Tel. Co., 51 Mo. App. 375; Bliss v. B. & O. Tel. Co., 30 Mo. App. 103; Mentzer v. W. U. Tel. Co., 93 Ia. 757, 62 N. W. 1, 57 Am. St. Rep. 294.]   It is said this rule proceeds in a measure, at least, from the nature and character of the business of the telegraph company.   While such companies are not common carriers in every sense of that term, they nevertheless must serve one and all alike without discrimination, and upon undertaking to transmit a message the law lays a duty upon them to exercise ordinary care and reasonable dispatch in so doing.   Because of their character as *quasi* common carriers, and the duty which the law annexes to the use or implies in their contract for transmitting messages, it is said they are charged with notice that serious consequences may result from a failure to deliver a message which on its face purports to relate to an important commercial transaction.   When viewed from the standpoint of the law of torts, such companies are indeed, in a measure, public commercial agencies which must know and understand the serious results of delay or inattention in respect of messages intrusted to their care which import notice on their face that they pertain to important business matters or when they know as much from other sources at the time of undertaking to perform the duty of transmission.   [Jones on Telegraph Companies, sec. 519; Postal Tel., etc., Co. v. Lathrop, 131 Ill. 575; Lee v. W. U. Tel. Co., 51 Mo. App. 375; McCarty v. W. U. Tel. Co., 116 Mo. App. 441, 91 S. W. 976; Reed v. W. U. Tel. Co., 135 Mo. 661, 37 S. W. 904.]   But if the present action were in tort, the doctrine referred to, though invoked by plaintiff, would not relieve the situation, for there is nothing whatever on the face of the telegram suggesting that it relates to an important business transaction.   The telegram is:

"St. Louis, Mo., April 16th, 1907.
"C. E. Fitch, Twin Falls, Idaho.
"Letter will give satisfaction comply with same at once.

"J. C. McCASKILL."

Nothing in this message indicates an important business transaction was in course or contemplated between the parties thereto or any other parties for that matter. It may relate as well to some social matter as to one of business and no one may discern its true character from its words. Upon reflecting over it, it may be said to imply that McCaskill had written Fitch a letter which would give him satisfaction about some matter not disclosed and that Fitch was requested to comply with the same at once after having received satisfaction from such explanations as were therein contained, or that a matter of some nature not disclosed might be satisfactorily explained to McCaskill by a letter from Fitch, so that McCaskill would comply with the instructions contained in the letter at once. However, it no more suggests an important business matter than it does that McCaskill had written a letter explaining or to the end of satisfying Fitch about some social affair and requesting him to comply with some instruction contained therein, or that Fitch was expected to write McCaskill a letter pertaining to and explaining some social matter and containing instructions with which McCaskill was willing to comply on receipt. But it is said the sender, McCaskill, notified the agent at the time the message was delivered to him in St. Louis that it was very important the message should be rushed through and this was sufficient for the purpose. The mere fact the sender notified the agent it was very important the message should be rushed through does not aid the matter, for he omitted to convey the essential notice that it related to a business transaction. A message may be important in a sense so that it should be rushed through and relate entirely to some social mat-

ter which will afford no grounds for substantial re-
covery in event of non-delivery. It is only where the
operator had knowledge from the message itself, or from
another source, at the time of undertaking the trans-
mission that it related to a business matter that substan-
tial damages may be recovered for failure to perform the
obligation implied by law. [Jones on Telegraph Compan-
ies, sec. 535; Postal Tel., etc., Co. v. Lathrop, 131 Ill.
575.]

However, as before stated, this action proceeds as
for a breach of the contract. We have discussed the
tort feature of the case for the reason counsel for plain-
tiff pressed it forward. It is the established law that
when the form of the remedy adopted proceeds as for a
breach of contract, the party may recover only such
damages as may fairly and reasonably be considered
either as arising naturally according to the usual course
of things from a breach of the contract itself or such
as may reasonably be supposed to have been in contem-
plation of both parties at the time they made the con-
tract as the probable result of the breach of it. This is
the rule of Hadley v. Baxendale, 9 Exch. 341, and it
applies as well to suits counting on the breach of con-
tract to transmit a telegraph message as to any other.
Indeed, such is the accepted doctrine throughout the
country when the contract and not the tort is counted
upon for damages. See the following cases in point:
Melson v. W. U. Tel. Co., 72 Mo. 111; Abeles v. W. U.
Tel. Co., 37 Mo. App. 554; Hughes v. W. U. Tel. Co.,
79 Mo. App. 133; Primrose v. W. U. Tel. Co., 154 U. S.
1; Jones on Telegraph Companies, secs. 516, 517.

In the case now in judgment the damages sued for
are not such as naturally flow from the breach of such
a contract but are special in character. In order to re-
cover for such special or consequential damages, it is es-
sential for plaintiff to show such a state of facts as
evince them to be reasonably supposed to have been with-
in the contemplation of the parties as the probable re-

sult of the breach, at the time the contract for transmitting the telegram was made. [Hadley v. Baxendale, 9 Exch. 341; Jones on Telegraph Companies, secs. 516, 517 and authorities supra.] Nothing in the telegram indicated to defendant's agent at the time it was delivered for transmission that if the contract were breached by non-delivery plaintiff would be required to make a trip to St. Louis or to any other place, for that matter. No one can read the message and infer from it that a failure to comply with the terms of the contract by delivering it within a reasonable time would entail any expense for any purpose. 'The fact that McCaskill, the sender, informed the agent at the time the message was delivered for transmission that it was very important and should be rushed through is insufficient as well to suggest that the breach of the contract would entail the special damages occasioned by plaintiff's coming to St. Louis, etc. Unless such facts are communicated by the message or from other sources or are known to the operator at the time the contract is made, special damages may not be recovered on account of the breach, for, in such circumstances, they appear not to have been reasonably within the contemplation of the parties. [Authorities supra.] It is true McCaskill informed defendant's agent the day after the contract for transmitting the message was entered into that the message related to an important business matter and if not delivered might occasion plaintiff to come to St. Louis. But this is insufficient to charge defendant with notice at the time the contract was made. Information acquired after making the contract cannot be considered as part of it in order to bring matters entailed by its breach as within the contemplation of the party who was not possessed of such information at the time the contract was made. [Jones on Telegraph Companies, sec. 538 and authorities supra.]

It may be that had plaintiff chosen to sue in tort instead of on the contract the fact that he inquired twice, once on the evening of the 17th and again on the evening of the 18th, at Twin Falls, for the expected telegram and was informed by defendant's agent that none had been received, together with the fact that McCaskill informed defendant's agent in St. Louis on the 18th that the message related to an important business matter and if not delivered might necessitate plaintiff's coming to St. Louis, would materially affect the result. Especially is this true in view of the fact that it appears the telegram actually reached Twin Falls on the 17th; for defendant sent an office message from there to St. Louis to collect the charges here as it was undelivered. It seems these facts not only suggest negligence but willful conduct as well and in view of the inquiry at one end of the line and insistence at the other, it may be it could properly be considered in an action for tort. We express no opinion on this for it is not before us. Suffice to say that these facts are wholly irrelevant to this suit on the contract for they occurred after it was entered into and therefore may not be regarded as within the contemplation of the parties thereto.

The judgment should be affirmed. It is so ordered. All concur.