D. F. ROSS, Respondent, v. ST. LOUIS IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

Springfield Court of Appeals, November 27, 1914.

1. CARRIERS: Grip: Checking: Damages to Contents: Liability. Where plaintiff, a veterinary surgeon, checked his handgrip containing certain instruments to his destination on defendant's road and a loss and breakage of same occurred, he was entitled to recover whether or not the articles were baggage within Sec. 3236, R. S. 1909.

2. ————: **Baggage: Bailments: Liability.** If a veterinary's grip, checked to his destination on defendant's road was not baggage under Sec. 3236, R. S. 1909, defendant is still chargeable with the common-law liability of a bailee.

3. ————: **Grip: Checking: Damage to Contents: Bailments.** Where plaintiff, a veterinary surgeon, proved that when he checked his grip to destination on defendant's road, it was in good condition and when he received it sixty days later part of its contents were gone and part damaged, he made out a prima-facie case of negligence against the carrier as bailee.

4. ————: **Loss of Baggage: Liability: Damages: Veterinary: Loss of Fees.** Where neither the carrier nor its agents knew of the contents of a veterinary's grip which was checked over its road to destination, nor of the use to which the articles in the grip were to be put, the carrier would not be liable for *loss of fees occasioned by delay in delivering the grip* and the loss of the instruments therein contained.

5. **CARRIERS: Damages: Special Damages: No Contract: Liability.** In the absence of special contract a carrier cannot be held liable for damage which was not in the contemplation of the parties.

### On Motion for Rehearing.

6. **CARRIERS: Loss of Grip: Damages: Reasonable Expense.** Defendant carrier negligently handled a passenger's grip which had been checked and failed to trace same for thirty days. The passenger is entitled to recover reasonable expense in searching for the grip, the "reasonable expense" falling within the value of the goods lost.

Appeal from Stone County Circuit Court.—*Hon. John T. Moore*, Judge.

AFFIRMED (*on condition*).

*James F. Green, Barbour & McDavid* for appellant.

(1) The articles contained in the package were not, under the law, baggage and appellant cannot be held liable for the delay in delivery thereof. Elliott on Railroads, sec. 1647; 3 Sutherland on Damages, p. 292; Spooner v. Railroad, 23 Mo. App. 403; Sher-

lock v. Railroad, 85 Mo. App. 48; State ex rel. v.
Railroad, 71 Mo. App. 390; Hubbard v. Railroad, 112
Mo. App. 472; Doerner v. Railroad, 149 Mo. App.
175. (2) There could be no recovery in this case for
loss of profits or of business in the absence of knowl
edge on the part of the appellant as to the character
of this bailment or as to the necessity for prompt
delivery and the immediate need for the instruments
so checked as baggage. In the absence of special no-
tice, damages must be limited to such things as may
fairly have been within the contemplation of the par-
ties at the time of the bailment, as the probable result
of its breach. Morrow v. Railroad, 140 Mo. App. 211;
Melson v. W. U. Tel. Co., 72 Mo. App. 114; Rogan v.
Railroad, 51 Mo. App. 666; Gray v. Railroad, 54 Mo.
App. 671; Prewitt v. Railroad, 62 Mo. 543; Fitch v.
Tel. Co., 150 Mo. App. 159; Hadley v. Baxendale, 9
Exch. 341; Melson v. W. U. Tel. Co., 72 Mo. App.
111; Abeles v. W. U. Tel. Co., 37 Mo. App. 554;
Hughes v. W. U. Tel. Co., 154 U. S. 1; Jones on
Telegraph Companies, secs. 516, 517. (3) The court
erred in admitting testimony in this case as to loss
of profits and of business. No evidence of this kind
should have been admitted under the facts as they are
shown by this record, and the evidence offered was
too vague and uncertain to rise to the dignity of
proof. Morrow v. Railroad, 140 Mo. App. 213-215,
and cases cited.

*G. W. Thornberry* for respondent.

While it is conceded that it is extremely difficult
to determine under the various and different circum-
stances surrounding each individual case just what is
and what is not baggage under the laws of this State,
we contend that the bundle presented by respondent
to appellant's agent and accepted by him as such,
being made up of necessary appliances and tools in

his especial business and profession as a veterinary surgeon, baggage, and this case being submitted to a jury as to the amount of damages actually accruing to respondent on account of the negligence of the agents and employees of the appellant and under the proper instructions of the court the verdict of the jury should not be disturbed, and the judgment of the court based on said verdict should be affirmed. Secs. 3236, 3239, R. S. 1909; State ex rel. Bettis v. Railroad, 71 Mo. App. 393; 3 Am. & Eng. Ency. Law (2 Ed.), p. 531; Brook v. Gale, 14 Fla. 523, 14 Am. Rep. 356.

STATEMENT.—Plaintiff commenced this suit in a justice's court where he recovered a judgment. On defendant's appeal to the circuit court judgment was again rendered in plaintiff's favor, and defendant has appealed.

The plaintiff on March 26, 1913, bought a railroad ticket at Reed Springs, Mo., to Crane, Mo., both being stations on defendant's line of railroad. He delivered a hand-grip to the defendant's station agent at Reed Springs and received a baggage check showing Crane, Mo., to be the destination of the parcel checked. It was by mistake expressed to another man at Berryville, Ark., where it remained for several weeks, and from there it was forwarded to Wayne, Mo. After about sixty days it was returned to Reed Springs and delivered by the defendant to the plaintiff. The plaintiff is a veterinary surgeon and he was starting out on a circuit in the spring to castrate young colts and attend to other professional duties. The hand-grip contained some instruments the doctor was taking with him, together with medicine that he intended to use in his practice. When the grip was returned to him, it had in it all that it originally contained, undamaged, except a pair of "table tongs," some medicine, and some "breakage." The total value placed on the contents of the grip when it was delivered

to the defendant was $26.50, and the actual value of the tongs and medicine gone and the breakage was $3.50. The plaintiff, hearing that his grip was at Berryville, Ark., went there in search of the same, which required two days time and an expense of $10. The plaintiff not only sought to recover for the items of loss above mentioned but also for the loss to him in his business occasioned by not having his instruments and medicine. His evidence shows that he had engaged some forty to seventy-five colts to castrate which he was prevented from doing because he did not have the instruments to work with. The jury returned a verdict in plaintiff's favor for $103.50.

## OPINION.

FARRINGTON, J.—Appellant's assignments of error go to the action of the court in refusing to give an instruction in the nature of a demurrer to the evidence, and in admitting evidence objected to, and in giving an instruction touching the same question as that raised in the objections to evidence. We shall consider these in the order stated.

The action being commenced in a justice's court, the pleadings were not as carefully drawn as is usually found in the circuit court. There is, however, a sufficient statement to charge the defendant as a bailee of goods. Much space in appellant's brief is given to the contention that the instruments and medicine contained in the grip were not ordinary baggage such as is contemplated by section 3226, Revised Statutes 1909, and that the appellant cannot be held liable for the loss of the articles in plaintiff's grip as "baggage." Without going into this question, it may be said that if such articles can be classed as "baggage," defendant would be held liable for those negligently lost or damaged while in its keeping. If such articles are not "baggage," the defendant did accept the grip

and undertook to transport it to Crane, Mo., and a sufficient showing is made to at least charge the defendant with the common law liability of a bailee. The plaintiff proved that when he delivered the grip to defendant it was in good condition and when he received it about sixty days later some of the articles were gone and some damaged. This is sufficient to make out a prima-facie case of negligence against a bailee. If it was not baggage for which the defendant company received compensation to carry, the defendant was a gratuitous bailee. [6 Cyc. 663.] Besides, the loss of only $3.50 was no greater than could be contemplated by the parties from the loss of all ordinary baggage. The plaintiff further shows that he went to Berryville, Ark., in search of his property at an expense of $10; and as the articles in the grip were worth $26.50, plaintiff is entiled to recover this item of expense. [6 Cyc. 677.]

As to the admissibility of the evidence and the propriety of the instructions on the damage occasioned to the doctor in the loss of fees by reason of his not having his instruments: Plaintiff's own testimony as presented to us clearly establishes the error complained of. He and his witness who was at the time of the shipment the agent of the defendant company, testified that neither the company nor the agent knew the contents of the grip. The defendant had no knowledge of the use to which the articles in the grip were to be put. The law is now well settled that in the absence of special contract the carrier cannot be held liable for damage which was not in the contemplation of the parties. The rule is well stated in the case of Fitch v. Telegraph Co., 150 Mo. App. l. c. 159, 130 S. W. 44, as follows: "It is the established law that when the form of the remedy adopted proceeds as for a breach of contract, the party may recover only such damages as may fairly and reasonably be considered either as arising naturally according to the usual

course of things from a breach of the contract itself or such as may reasonably be supposed to have been in contemplation of both parties at the time they made the contract as the probable result of the breach of it. This is the rule of Hadley v. Baxendale, 9 Exch. 341, and it applies as well to suits counting on the breach of contract to transmit a telegraph message as to any other. Indeed, such is the accepted doctrine throughout the country when the contract and not the tort is counted upon for damages. [See the following cases in point: Melso v. W. U. Tel. Co., 72 Mo. 111; Abeles v. W. U. Tel. Co., 37 Mo. App. 554; Hughes v. W. U. Tel. Co., 79 Mo. App. 133; Primrose v. W. U. Tel. Co., 154 U. S. 1; Jones on Telegraph Companies, secs. 516, 517.]'' A like principle runs through the law of torts, which is that a wrongdoer can be made to respond in compensatory damages for only such injury as can be reasonably and naturally anticipated to flow from the act done. It follows that the court erred in admitting the evidence complained of and in submitting the issue raised thereby to the jury.

The judgment is accordingly affirmed on condition that respondent within ten days from the date of the filing of this opinion file with the clerk of this court a written remittitur of all the judgment except $13.50 with interest from the date of the rendition of the judgment in the circuit court; otherwise, the judgment will be reversed and the cause remanded for a new trial. *Robertson, P. J.,* and *Sturgis, J.,* concur.

## ON MOTION FOR REHEARING.

FARRINGTON, J.—Appellant files a motion for rehearing, complaining only of that part of the opinion allowing plaintiff the sum of ten dollars as expenses incurred by him in searching for his baggage.

The first point in the motion is that the statement filed in the justice's court did not contain any

item as to such expenses. As to this, we find in the statement filed with the justice—among other items of damage claimed—the following: "And for further damages in the trips made in search of the lost baggage at Berryville, Ark., $15." It is true that his evidence only showed an expenditure. of ten dollars on this item—which was the amount allowed.

Appellant next contends that there is no evidence as to this item. Plaintiff's testimony shows that he did not make the trip to Berryville until thirty days after his goods were lost. He testified, directing his remark to the defendant, "but you people never made any effort . . . and then I told you I went to Berryville which was two days at five dollars a day after those goods." Objection was made to certain items contained in the foregoing answer which we will not quote. The objection of Mr. David for defendant is as follows: "We ask to have the court exclude that part of the testimony wherein he stated he bought some goods that proved to be worthless." The court excluded that part. There was no objection made to the testimony in regard to the expense incurred in searching for the goods.

We therefore have a claim in the statement filed with the justice for expense incurred in searching for the goods, together with evidence of the amount expended—going in without objection.

We are cited to the case of Spooner v. Railway Company, 23 Mo. App. l. c. 411. It is only necessary to quote one sentence from that opinion to show that the question here was not involved in that case: "Besides there was no evidence that the plaintiff sought the baggage."

The evidence before us clearly shows that the defendant was guilty of negligence in handling plaintiff's property. For thirty days he waited in vain. for defendant to trace it and return it to him. His goods

were actually worth $26.50. On hearing that they had been sent to Berryville, Ark., he incurred an expense of $10 to go there and ascertain that fact and get his goods, giving his own time without charge; and he secured information on that trip which he gave to defendant's. agent at Crane that finally resulted in defendant locating the goods and getting them back to plaintiff after thirty days more. The grip had been at Berryville, but before plaintiff reached there it had been forwarded by the agent at that place to someone else at a station in Missouri.

When property is lost by the negligence of a bailee it is his duty to search for and recover the same; and it is with little grace that a negligent bailee complains of having to pay a reasonable expense incurred by the owner of the goods in helping to locate his property. "Reasonable expense," in such a case should always fall within the reasonable value of the goods lost.

The motion for rehearing is overruled. *Robertson, P. J.,* and *Sturgis, J.,* concur.