OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



September 24, 1999

Mr. Jay Kimbrough
Executive Director
Texas Board of Private Investigators and
   Private Security Agencies
P.O. Box 13509
Austin, Texas 78711

Opinion No. JC-0114

Re: Whether a municipality that offers alarm monitoring services for a fee is subject to the licensing requirements of chapter 1702 of the Texas Occupations Code (RQ–0004)

Dear Mr. Kimbrough:

You have asked this office whether a city's police department is subject to licensing by the Texas Board of Private Investigators and Private Security Agencies ("the Board") when engaged in a proprietary, as distinct from a governmental activity. Your question, when framed, concerned article 4413(29bb) of the Revised Civil Statutes, the Private Investigators and Private Security Agencies Act ("the Act"); however, the Act was repealed and recodified in House Bill 3155 by the 76th Legislature as chapter 1702 of the Texas Occupations Code.[1] We conclude that a police department is not subject to such licensing, and that recent changes brought about by the recodification have not made police departments subject to such licensing, however their activities may be denominated.

The Act, as codified at chapter 1702 of the Occupations Code, regulates the private security industry in Texas. Pursuant to section 1702.061 of the Code, the Board has the powers and duties to:

> (1) determine the qualifications of license holders, registrants, and commissioned security officers;
>
> (2) investigate alleged violations of this chapter and of board rules;
>
> (3) adopt rules necessary to implement this chapter; and

---

[1] *See* Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 1, secs., 1702.001-.389, 1999 Tex. Sess. Law Serv. 1431, 2231; *id.* § 6(a), 1999 Tex. Sess. Law Serv. at 2439-40 (repealing article 4413(29bb)). For ease of citation, this opinion will refer to the provisions of the Act as they will be codified in the Texas Occupations Code.

> (4) establish and enforce standards governing the safety and conduct of each person licensed, registered, or commissioned under this chapter.

TEX. OCC. CODE ANN. §1702.061(b).

Pursuant to sections 1702.101 and 1702.102 of the Code, which partially recodify section 13(a) of article 4413(29bb), persons who are not licensed by the Board may not act as investigations companies or security services contractors, a term which includes alarm systems companies. An alarm systems company is defined as a person who "sells, installs, services, monitors, or responds to an alarm system or detection device." *Id.* § 1702.105. The definition of a "person" who must be licensed was formerly provided by section 2(2) of article 4413(29bb) of the Revised Civil Statutes: "'Person' includes individual, firm, association, company, partnership, corporation, nonprofit organization, institution, or similar entity." Since "person" in that definition did not include political subdivisions, this office has held that political subdivisions providing such services were not subject to licensure under the Act. *See* Tex. Att'y Gen. LO-97-111, at 5-6.

As you describe the situation that prompts your inquiry, you have received a complaint from a trade association for alarm systems companies that various cities, through their police departments, are offering alarm monitoring services to city residents for a fee. The trade association suggested that the provision of such services required a license. You initially responded that political subdivisions such as municipalities were not included within former section 2(2)'s definition of persons subject to the Act. The trade association, however, has argued that political subdivisions ought only to be excluded from the licensing requirement when engaging in governmental, as distinct from proprietary, activity. You ask, in effect, for our opinion of this construction. While we begin with a consideration of that question, we must also note and consider the implications of the recent recodification of the Act.

We note first our agreement with your reading of former section 2(2) as excluding political subdivisions from the definition of "person." To begin with the Board is, as we have noted, the agency charged by section 1702.061 of the Code with enforcing the statute. "[T]he construction of a statute by an agency charged with its execution is entitled to serious consideration unless the agency's construction is clearly inconsistent with the Legislature's intent." *Texas Water Comm'n v. Brushy Creek Mun. Util. Dist.,* 917 S.W.2d 19, 21 (Tex. 1996). Moreover, this office has expressed the same view of the matter in a relatively recent letter opinion, *see* Tex. Att'y Gen. LO-97-111. In Letter Opinion 97-111, one of the questions was whether a junior college district which provided the services of part-time peace officers in its employ as security for events held by outside organizations leasing its facilities was required to obtain a license under the Act. We concluded that the junior college, as a political subdivision, was not subject to the licensure requirements. After reciting the definition in former section 2(2), we said, "A political subdivision is not specifically listed among those comprising 'person[s].' Nor is a political subdivision qualitatively similar to those listed so as to be embraced within the term 'or similar entity' in the above definition." Tex. Att'y Gen. LO-97-111, at 5.

Nor are we persuaded by the trade association's arguments that such a reading depends upon whether the political subdivision be engaged in governmental or proprietary functions, or that municipal employees engaged in providing these services as part of their jobs are or ought to be subject to licensure. As to the suggestion that municipal employees so engaged must be licensed, we note that pursuant to section 1702.321 of the Code, the statute does not apply to "an officer or employee of the United States, this state, or a political subdivision of this state while the employee or officer is performing official duties." TEX. OCC. CODE ANN. § 1702.321. So long as the employees engaged in providing the alarm monitoring services are doing so in the course of their employment rather than for personal pecuniary gain, then they are exempted from the Act. *Cf. Bates v. State,* 587 S.W.2d 121, 131 (Tex. Crim. App. 1979) (en banc) (Act "patently inapplicable" to person acting as agent of state).

As to the trade association's suggestion that political subdivisions ought to be considered "persons" when engaged in proprietary activities, though not while engaged in governmental activities, it also is unavailing. The distinction between governmental and proprietary functions is essentially one drawn from the area of governmental tort liability. *Cf. Edinburg Hosp. Auth. v. Trevino,* 941 S.W.2d 76, 81 (Tex. 1997) ("Before the Legislature enacted the Tort Claims Act, governmental liability was limited to proprietary functions." [citation omitted]). As such, we are doubtful of its relevance here. However, even were we persuaded that such a reading was preferable as a policy matter, we do not have the authority to add excluded words to a statutory definition, as would be required for us to make the proposed distinction between governmental and proprietary functions. "[E]very word excluded from a statute must . . . be presumed to have been excluded for a purpose. Only when it is necessary to give effect to the clear legislative intent can we insert additional words or requirements into a statutory provision." *Cameron v. Terrell & Garrett, Inc.* 618 S.W.2d 535, 540 (Tex. 1981).

In Letter Opinion 97-111, this office concluded, "If the legislature had intended the act to apply to a political subdivision as a 'person' that must obtain a license, it would have so expressly provided." Tex. Att'y Gen. LO-97-111, at 5-6. Such remains the case. Any amendment of the Act to this effect is the province of the legislature, rather than this office.

It might be argued that the legislature has done precisely that in House Bill 3155, effective September 1, 1999, which repeals and recodifies the Act, along with a variety of other licensing statutes, incorporating such statutes into the Occupations Code. The Act will now constitute chapter 1702 of the Occupations Code.

The definitions section of chapter 1702 no longer contains a definition for the word "person." Because section 1.002 of the Occupations Code requires that the Code be interpreted in accordance with chapter 311 of the Government Code (the "Code Construction Act"), and because section 311.005 of the Code Construction Act defines "person" to include "government or governmental subdivision or agency," *see* TEX. GOV'T CODE ANN. § 311.005 (Vernon 1998), it might be argued that the legislature has effectively amended the statute to define "person" as including political

subdivisions, not solely in the proprietary context, as the trade association would have had us do by inserting the distinction into former section 2(2), but generally and for all purposes.

We note that House Bill 3155 is intended to be a nonsubstantive recodification. Section 7 of House Bill 3155 states, "This Act is intended as a recodification only, and no substantive change in law is intended by this Act." A recent Texas Supreme Court case, *Fleming Foods, Inc. v. Rylander*, 42 Tex. Sup. Ct. J. 744, 1999 WL 374119 (June 10, 1999), *pet. reh. filed*, counsels against a mechanical application of such general statements of legislative intent when they conflict with unambiguous changes in the statutory language of the new code provision: "[P]rior law and legislative history cannot be used to alter or disregard the express terms of a code provision." *Fleming Foods*, 42 Tex. Sup. Ct. J., at 748, 1999 WL 374119, at *6. In this case, however, we are not interpreting a clear and unambiguous code provision, but the effect of an omission.

So far as we are aware, in the brief time since its issuance, *Fleming Foods* has been considered by only one appellate court. The Tyler Court of Appeals, in an unpublished slip opinion, considered the case's rationale precisely in the context of an omission and wrote:

> Here, we are faced with the deletion of a specific term, rather than the addition of a specific term. The new statute does not include a provision that expressly provides for a change in the law. Accordingly, this is not a case where specific provisions of a codification which actually change the law should be given precedence over the legislature's general statement of intent regarding the recodification.

*Chapa v. Spivey*, No. 12-98-00150-CV (Tex. App.–Tyler June 30, 1999, no pet.) (not designated for publication), 1999 WL 444600, at *3.

Unpublished slip opinions are, of course, not binding precedent. However, the Tyler court's argument is in our view both persuasive and applicable in the instant case. We are particularly so persuaded because of *City of LaPorte v. Barfield*, 898 S.W.2d 288 (Tex. 1995). In that case, the Texas Supreme Court held that construing the word "person" to include a governmental entity within the scope of the Anti-Retaliation Act because the law had been recodified in the Labor Code, and therefore to deprive the city in question of governmental immunity, "would be not only a substantive but a very significant change. Given the Legislature's express intent not to make such changes, we conclude that the Anti-Retaliation Law as recodified does not waive governmental immunity." 898 S.W.2d at 294.

The effect of reading "person" as including governmental entity in this statute, and hence of bringing such entities under the aegis of the Board, would be at least as far-reaching as that rejected by the Texas Supreme Court in *City of LaPorte*. Since, by its nature, a police department "engages in the business of obtaining or furnishing . . . information related to . . . crime or wrongs done or threatened against a state or the United States," TEX. OCC. CODE ANN. § 1702.104(1)(A), every

police department in the State of Texas would be required by the statute to hold an investigations company license. *See id.* § 1702.101. Every police department which, *inter alia,* "monitors, or responds to an alarm system or detection device," *id.* § 1702.105, would be an alarm systems company and would be required by section 1702.102 to be licensed as a security services contractor. *See id.* § 1702.102. Failure to seek such licensing could subject a police department to civil penalties and an injunction under sections 1702.381 and .382. In our view, such extraordinary consequences would require clear and unequivocal statutory statement, and cannot result from the combination of an omission whose purpose is unclear and a general rule of construction. Absent a clear directive from the legislature requiring us to do so, we cannot assert that the police agencies of Texas are subject to licensing and regulation by the Texas Board of Private Investigators and Private Security Agencies.

## S U M M A R Y

A city police department is not subject to licensing under chapter 1702 of the Texas Occupations Code. This exemption does not depend on whether the department is engaged in governmental or proprietary activities.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee