BESSIE RAWLINGS, by Next Friend, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, January 5, 1903.

1. **Passenger Carriers: DAMAGES: PHYSICAL AND MENTAL SUFFERING.** Pain of mind must be connected with bodily injury to be the subject of damages, unless the injury is accompanied by circumstances of malice, insult or inhumanity.

2. ———: CARRYING BEYOND DESTINATION: CONFLICTING EVIDENCE: EXCESSIVE FINDING. Where the evidence is conflicting as to an injury received by a person carried beyond his station and also in regard to the proximate cause of such injury, the verdict of the jury is conclusive, and in this case an assessment of one hundred and twenty-five dollars is not excessive.

Appeal from Boone Circuit Court.—*Hon. John A. Hockaday,* Judge.

AFFIRMED.

*Geo. S. Grover* for appellant.

(1) . Neither the effect upon the plaintiff's health, nor her mental anxiety, if any, are proper elements of damage under the pleadings and the evidence in this case, or in actions of this character. (a) Because they are too remote. Trigg v. Railroad, 74 Mo. 147; Marshall v. Railroad, 78 Mo. 610; Connell v. Telegraph Co., 116 Mo. 34; Francis v. Transfer Co., 5 Mo. App. 7; Strange v. Railway, 61 Mo. App. 586; Deming v. Railway, 80 Mo. App. 152; Snyder v Railway, 85 Mo. App. 495. (b) Because there is no causal connection between the act complained of and such effect. Henry v. Railroad, 76 Mo. 288; Sira v. Railroad, 115 Mo. 127. (2) For a mere technical breach of the contract of carriage, such as were here shown, the recovery should have been limited to nominal damages. Brown v. Emerson, 18 Mo. 103; Owen v. O'Reilly, 20 Mo. 603; Rogan v. Railway, 51 Mo. App. 665.

*C. B. Sebastian* for respondent.

(1) The question whether there was a personal injury or not, and whether or not said injury was a proximate consequence of the wrong committed by defendant, were questions of fact and the finding of the trial court is fully sustained by the evidence. (2) Even if there was a conflict, the trial judge saw the witnesses and heard the evidence, and could better weigh it. His finding is fully warranted and is in harmony with the finding in the cases of Evans v. Railway, 11 Mo. App. 463; Winkler v. Railway, 21 Mo. App. 99; Atkinson v. Railway, 90 Mo. App. 497.

SMITH, P. J.—The plaintiff in this case is the twelve-year-old sister referred to in the opinion in that of Noble Rawlings by Next Friend, etc. v. Wabash Railroad Company, decided at the present term. The

statement of facts in that case will to a certain extent answer in this.

The plaintiff in this case, it appears, after leaving defendant's train and in her efforts to reach the station which it had carried her by, fell between the triangular bars or slats of the cattle guard which she was compelled to cross and in consequence thereof received several abrasions of the skin on her legs and a bruise on her thigh; and besides this, she fell down once or twice at other places and by the time she reached the station she was wet from head to feet and in a sorry plight generally. By that time it was getting so dark that her mother, who was looking for her and her little brother who was accompanying her, could not discern their moving forms but a short distance in the gloom and darkness. The plaintiff was made sore and sick, and was somewhat disabled to attend school for some time thereafter, as she had previously done.

She had been furnished by her father with a ticket over defendant's railway to More's station, and consequently the question whether or not she was a passenger does not arise in the case.

The defendant having sold the plaintiff a ticket to carry her to More's station, it can not excuse itself from a non-compliance with its undertaking by showing its train conductor was not aware of her presence on the train. Defendant knew, or ought to have known, when plaintiff entered a car of its train that she had a ticket which required it to stop its train at More's station so as to afford her an opportunity to leave it—the train—there. It was a clear breach of duty on defendant's part when it neglected to stop at the station of plaintiff's destination, and if injury resulted to plaintiff from such negligence there was liability to her therefor.

The defendant argues that the plaintiff in no event is entitled to recover more than nominal damages, but this we are unwilling to concede. The general rule announced and prevailing in this State is that pain of

mind—injured feelings—when connected with bodily injury is the subject of damages, but must be connected in order to be included in the estimate unless the injury is accompanied by circumstances of malice, insult or inhumanity. Snyder v. Railway, 85 Mo. App. 495, and cases there cited.

In the present case it does not seem that the injury was accompanied with circumstances of malice, insult or inhumanity, but it can not be said that there was no evidence that the plaintiff's injured feelings were connected with bodily injury. It is true, there was a conflict in the evidence but this made it a case for the jury, or for the court sitting as a jury. And whether or not the negligence of the defendant already stated was the proximate cause of the injury was likewise a question for the jury. Evans v. Railway, 11 Mo. App. 463; Winkler v. Railway, 21 Mo. App. 99; Burke v. Railway, 51 Mo. App. 491.

The court sitting as a jury awarded to plaintiff damages to the amount of one hundred and twenty-five dollars, and this, in view of the evidence, was by no means excessive. There were no instructions asked or given except that of defendant in the nature of a demurrer to the evidence, which it seems to us was properly refused. No error is discovered in the action of the court and its judgment will accordingly be affirmed. All concur.