### SCHAFF v. BOATRIGHT. (No. 2600.)

(Court of Civil Appeals of Texas. Texarkana. June 30, 1922. Rehearing Denied Oct. 5, 1922.)

Carriers ⚎271—Cold held not attributable to being carried past destination.

A cold, contracted by a passenger a few days after reaching home, cannot be held attributable to the inconvenience of being carried a short distance past his destination and back again, after an all-night ride and other conditions over which the carrier had no control.

Appeal from Fannin County Court; A. P. Bolding, Judge.

Action by C. B. Boatright against C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reformed and rendered.

H. G. Evans, of Bonham, for appellant.
E. S. McAlester, of Greenville, for appellee.

HODGES, J. The appellee recovered a judgment against the appellant for $200 as damages for injuries sustained as a result of being carried beyond his station. The facts show that appellee was about 64 years of age, and resided at Leonard, Tex. On February 1, 1921, he desired to go from Hominy, Okl., where he had been employed as a night watchman, to his home at Leonard. At Muskogee he procured a ticket over the appellant's line to Leonard. At the time he purchased the ticket he inquired of the agent if he could get off at Leonard, and was informed that he could. He made no statement to the agent as to the condition of his health

or that of any member of his family. When he reached Denison, which appears to be the end of the division, the train crew was changed, and he was there informed by the trainmen that this train did not stop at Leonard. The appellee insisted that he had purchased a ticket for Leonard over that train, and he had the right to use it. The auditor offered to carry him on, free of charge, to Greenville, a short distance beyond Leonard, and give him transportation back to Leonard, or to put him off at Bells. The offer was declined by the appellee upon the ground that he had the money to pay his own transportation. The appellee was carried on to Greenville, where he arrived about 6 o'clock a. m. He remained there until about 11 o'clock, and took a train back to Leonard, where he arrived about noon. He testified that the fare from Leonard to Greenville and return amounted to $1.20. While at Greenville he left the station, went out to a restaurant, and bought his breakfast, which cost him 75 cents. Concerning his injuries, he stated that a few days after he reached home he took a cough and had been able to work only three days since that time. He attributed the cough and cold to the inconvenience, worry, and exposure in having to make the trip from Leonard to Greenville and back to Leonard. Upon those facts the court made findings upon which he rendered a judgment in favor of the appellee for $200 as damages proximately resulting from the inconvenience and worry by reason of being transported beyond the destination named in his ticket.

The judgment is defended upon the ground that the railway company breached its contract in failing to stop its train and allow the appellee to get off at Leonard. It may be conceded that the contract was breached in the manner stated, but it does not follow that the appellee's injuries proximately resulted from the slight inconvenience he sustained by reason of that breach. The judgment, we think, is unfounded. Under the facts of this case the most appellee could claim as damages would be the additional expense incurred in making the trip to Greenville and back to Leonard. But the railroad fare he voluntarily paid, for according to his own testimony free transportation over that part of the road was tendered to him and declined. A cold contracted some time after that journey is the only personal injury claimed. To attribute that cold to the travel over the few miles between Leonard and Greenville, rather than to the all-night ride from Muskogee, or to other conditions over which the railway company had no control, is indulging an inference not warranted by the record.

The judgment will be reformed and judgment here rendered so as to allow a recovery of 75 cents, the amount paid for the meal at Greenville. The cost of this appeal will also be taxed against the appellee.

## MEMORANDUM DECISIONS

PITTMAN v. STATE. (No. 7003.) (Court of Criminal Appeals of Texas. June 23, 1922. Rehearing Denied Oct. 11, 1922.) Appeal from District Court, Stephens County; C. O. Hamlin, Judge. A. R. Pittman was convicted of theft, and he appeals. Affirmed. V. L. Shurtleff, of Breckenridge, for appellant. R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Appellant was indicted for theft of an automobile. He entered a plea of guilty under all the formalities of the law, and requested a suspended sentence. The jury fixed his punishment at five years in the penitentiary and denied the suspended sentence. He now contends that, notwithstanding his plea of guilty, his evidence raised the issue of a temporary taking only, and that this issue should have been submitted to the jury. Appellant was represented on his trial by an attorney. No exception was taken to the charge; no special charge was requested presenting the issue; no request for withdrawal of the plea of guilty was made. It appears to be a case where appellant was relying on securing a suspended sentence, and being disappointed in this, is now asking this court to relieve him of the result of bad judgment in pleading. Much the same condition was presented in Garcia v. State, 237 S. W. 279. We there said: "If appellant regarded the evidence as insufficient, and desired the question reviewed on appeal, he should have withdrawn his plea of guilty and entered the plea of not guilty." However, we have reviewed the evidence, and from the entire record we do not regard the issue of a "temporary taking" seriously raised. Certainly it will not justify a reversal, as not supporting the verdict. The judgment is affirmed.

### On Motion for Rehearing.

LATTIMORE, J. As stated in the original opinion herein, there was a plea of guilty by appellant. The jury declined to grant him a suspended sentence and gave him a term of five years in the penitentiary. In his motion for new trial appellant does not contend that he was wrongfully induced to plead guilty, nor is it contended that he was not of sound mind, nor that he was unduly influenced. The evidence appearing in the record amply supports the verdict of the jury, and we are unable to find anything upon which this court would be induced to grant the motion for rehearing. The motion, therefore, will be overruled.