URSULA M. O'NEIL, Respondent, v. THE PULLMAN COMPANY, Appellant.

St. Louis Court of Appeals. Opinion Filed April 1, 1924.

1. **CARRIERS OF PASSENGERS:** Sleeping Car Companies: Breach of Contract to Furnish Berth: Not Proximate Cause of Alleged Injuries. Injury to a passenger's back caused by sneezing or attempting to suppress sneezing, claimed to have been brought on

because she had to travel in an unheated chair car operated by a railroad company cannot be said to be the proximate and natural result of a breach of contract to furnish berth by defendant sleeping car company, proximate cause being the active, efficient cause which sets in motion a train of events that in their natural sequence might and ought to be expected to produce an injury as undisturbed by any independent intervening cause.

2. **DAMAGES:** Speculation or Conjecture: Not Permitted in Determining Whether Injury Resulted From Wrongful Act or Other Causes. Where speculation or conjecture has to be resorted to for the purpose of determining whether the injury results from the wrongful act or from some other cause, then the rule of law excludes the allowance of damages for such injury.

3. **CARRIERS OF PASSENGERS:** Sleeping Car Companies: Breach of Contract to Furnish Berth: Damages: Mental Pain, etc., Not Element. A breach of contract to furnish berth by a sleeping car company, which made it necessary for passenger to ride in a chair car, did not entitle passenger to damages for injured feelings, humiliation, anxiety and mental distress or pain of mind.

4. **INSTRUCTIONS:** Instruction Wholly Erroneous: Error Though No Additional Instruction Requested. Where an instruction complained of is wholly erroneous, the contention that appellant having failed to request any additional instruction on the subject is in no position to complain, cannot be maintained.

5. **CARRIERS OF PASSENGERS:** Sleeping Car Companies: Breach of Contract to Furnish Berth: Nominal Damages. Where because of breach of defendant sleeping car company's contract to furnish berth, plaintiff was compelled to ride in a chair car, the trial court properly refused a peremptory instruction offered by defendant, plaintiff being entitled in any event to nominal damages.

Appeal from the Circuit Court, City of St. Louis.—*Hon. Benjamin J. Klene,* Judge

REVERSED AND REMANDED.

*Lehmann & Lehmann* and *Thos. R. Reyburn* for appellant.

(1) Proximate cause is an act which sets in motion a train of events that in their natural sequence might and ought to be expected to produce an injury as undisturbed

O'Neil v. The Pullman Co.

by any independent intervening cause. The causal connection between plaintiff's injury and defendant's alleged wrong cannot be based on the merest conjecture and speculation. Smith v. Pullman Co. is exactly in point. Amelia Smith v. Pullman Co., 138 Mo. App. 238; Powell v. Walker, 185 S. W. 532; State ex rel. Lusk v. Ellison, 196 S. W. 1088; Majors v. Ozark Power & Water Co., 222 S. W. 501; Davis v. Hospital, 196 S. W. 104; Washburn v. Gas Co., 214 S. W. 410; Strayer v. Quincy, Omaha & Kansas City Ry. Co., 170 Mo. App. 514; Cole v. Loan Society, 124 Fed. 113; Fitch v. Western Union, 150 Mo. App. 149; Howell v. St. Louis & Hannibal Ry. Co., 171 Mo. App. 92; Terry v. Hogan, 181 Mo. App. 48; Benson v. Central P. R. Co., 98 Cal. 45; Sira v. Wabash R. R. Co., 115 Mo. 127; Central R. R. Co. v. Pierce, 106 Ga. 176; Schaff v. Boatright, 243 S. W. 1116; Indianapolis B. & W. R. Co. v. Binney, 71 Ill. 391; St. Louis Southwestern R. R. Co. v. Thomas, 27 S. W. 419. (2) The plaintiff was damaged to the extent of the cost of a ticket which was not sued for. The first instruction misled the jury into basing a verdict on such damage. (3) In the absence of malice, there can be no recovery for inconvenience, pain and suffering unaccompanied by physical injury. The instruction on the measure of damages omitted the last element. Smith v. Pullman Co., 138 Mo. App. 238; Crutcher v. Railway, 132 Mo. App. 311.

*Taylor R. Young* and *Marsalek & Stahlhuth* for respondent.

(1) The evidence plainly convicted defendant of a breach of its legal duty to plaintiff in this, that defendant unlawfully and wrongfully failed and refused to furnish plaintiff the accommodations it had agreed to provide her. Defendant thereupon became liable to plaintiff for the damages she suffered as a natural and probable consequence of defendant's wrong. The recoverable damages included not only the physical discomfort, inconvenience and hardship imposed upon her, but also mental

distress caused thereby. Ferguson v. Railways Company, 177 S. W. 616; Dalzell v. Hotel Co., 193 Mo. App. 379; Davis v. Lusk, 190 S. W. 362; Hartridge v. Railway, 196 S. W. 59; Dye v. Railroad, 135 Mo. App. 254-5; Braun v. Webb, 31 N. Y. Misc. 794, affid. 32 N. Y. Misc. 243; Aplington v. Pullman Co., 110 N. Y. App. Div. 250; Pullman Co. v. Hocker, 41 Tex. Civ. App. 607, 93 S. W. 1009. (2) In addition to the above, plaintiff was entitled to recover for the injury to her back, which was a proximate result of defendant's wrong. (a) The liability of a wrongdoer for the result of his misconduct does not depend upon his ability to foresee the precise result complained of, but he is liable for any result which, after the injury is complete, appears to be a natural and probable consequence of the wrongful act or omission. Gott v. Railway, 222 S. W. 827; Powell v. Railroad, 229 Mo. 283; Schafer v. Sieben, 233 S. W. 419; Estes v. Railroad, 110 Mo. App. 725; Benton v. City, 248 Mo. 98; Dean v. Railroad, 199 Mo. 411; McDonald v. Railroad, 219 Mo. 491; Graney v. Railroad, 140 Mo. 89, 98. (b) A carrier who breaches the contract of transportation becomes liable to the passenger for damages suffered from exposure, or otherwise, as a result of the breach. Dye v. Railroad, 135 Mo. App. 254-55; Smith v. Pullman Co., 138 Mo. App. 238; Davis v. Lusk, 190 S. W. 362; Drew v. Railroad, 129 Mo. App. 465; Green v. Railroad, 121 Mo. App. 720; Adams v. Railroad, 100 Mo. 555; Winkler v. Railroad, 21 Mo. App. 99; Hughes v. Pullman Co., 74 Fed. 499; Pullman Co. v. Meyer (Ala.), 70 So. 763; Case v. Railroad, 191 Pa. 450; Railroad v. Terry, 62 Tex. 380; Railroad v. Hartnett (Tex.), 34 S. W. 1057; Railroad v. Kieth, 11 Ind. App. 290; Railroad v. Lucas, 119 Ind. 583; 1 Thompson on Negligence, sec. 154, p. 149; 10 Corpus Juris, 838. (3) Plaintiff's instructions Nos. 1 and 2 correctly declared the law. (a) A finding by the jury of a bodily injury to plaintiff was not a prerequisite to their finding any damages in her favor. Authorities under Point 1, supra. (b) It was the defendant's duty, if it believed the instruction on the measure of damages to be too general, to request an

instruction on the subject, and, having failed to do so, defendant is in no position to complain. Winston v. Lusk, 186 Mo. App. 390; Barth v. Railway, 142 Mo. 535, 555; Browning v. Railroad, 124 Mo. 55. (4) The facts regarding plaintiff's injuries were pleaded in detail in the petition, but no motion was made to strike out any part thereof. The evidence on this subject went in without objection or exception by defendant. Defendant is now estopped to urge that the jury could not find that defendant's wrong was a proximate cause of the bodily injury sustained by her. Sec. 1512, R. S. 1919; Bragg v. Street Ry. Co., 192 Mo. 331.

BRUERE, C.—This is an action to recover damages which plaintiff alleges she suffered in consequence of defendant's breach of the terms of the contract to permit her to occupy a berth on its sleeping car. The trial resulted in a verdict and judgment for two thousand dollars, and the cause is here on the appeal of defendant from that judgment.

It appears, from the evidence introduced by plaintiff, that an agent of the Wabash Railway Company, at St. Louis, issued to plaintiff a through railroad ticket from St. Louis, Missouri, to Winfield, Kansas, via the Wabash to Kansas City and via the Atchison, Topeka & Santa Fe to Winfield. Said agent wired to Kansas City for Pullman accommodations for plaintiff from Kansas City, Missouri, to Winfield, Kansas. The reply to this wire called for "lower berth 6, car 4," and on this wire he also issued to plaintiff, as agent for the Pullman Company, a Pullman sleeping car ticket, which called for lower 6, in Pullman car 4, leaving Kansas City at 10:15, p. m., September 30, 1920. This Pullman ticket did not specify the road over which the passenger was to take passage, but there was only one train leaving Kansas City for Winfield that night at 10:15, p. m. The defendant company, Atchison, Topeka & Santa Fe Railway Company and the Wabash Railway Company are all distinct corporations. The plaintiff and her husband arrived in Kansas City on the

Wabash train at 9:30, p. m., on September 20th. Plaintiff's husband expected to stop over in Kansas City a few days and join his wife later at Winfield. They sent all their valises with their clothing to a hotel in Kansas City, except a small valise retained by plaintiff. After waiting at the station until the gate was opened, to permit them to reach the 10:15, p. m., Santa Fe train for Winfield, Kansas, they went to defendant's conductor, in charge of the Pullman car attached to said train, and presented the Pullman ticket, and also the railroad ticket, to him. After examining the Pullman ticket, the conductor said to plaintiff, "you can't ride on this car; this ticket calls for the car previous to this, the train previous to this; there is no number four on this car." The conductor further told plaintiff that the train went to Winfield, Kansas, and that she could ride in the day coach or the chair car. Not wishing to disappoint the people who were to meet her the next morning at Winfield, Kansas, plaintiff did not accompany her husband to the hotel, but boarded the chair car and continued her journey to Winfield.

Regarding the damages which plaintiff alleges she suffered on account of defendant's refusal to permit her to enter said sleeping car, she testified, substantially, that the weather was very warm that afternoon; that she had only a little neck piece with her and was not prepared to travel in any other car but a sleeper; that en route to Winfield, everything was going along nicely until about two o'clock the next morning; that she did not go to sleep at all from two to four o'clock; that it began to get very cold and that she sneezed and tried to suppress it, for fear of waking the other passengers; that she thought she was taking a terrible cold and that when she tried to suppress the sneezing she felt a crick in her back and became alarmed and thought possibly it was lung trouble; that she stood up for a minute and felt better; that she sat down again and from that time on felt a pinching in her back; that she was not sufficiently clothed and that this caused her to sneeze. She further testified that when she arrived at Winfield, about nine o'clock, the following

morning, she was cold and her back hurt her so that she could not lie down; that she was under the care of Dr. Pugh from September until February or March of the following year; that she also consulted Dr. Bailey, an osteopath, who put a displaced vertebra into place, but that there still was some swelling and that she suffered severe pain.

On cross-examination she testified that the chair car was not heated; that the windows were all open and every body had wraps but herself; that when it got colder every body closed the windows but that she got a draft before the windows were closed; that she did not request other passengers to close their windows because they were well wrapped and she thought they preferred to have the windows open; that she was in perfect health when she boarded the chair car and nothing at all had been the matter with her back; that all her injuries were caused by a sudden lurch from the sneeze; that sneezing had never before given her a crick in her back, and that the manner in which she was sitting crouched up trying to keep warm and trying to suppress the sneeze, caused the injury in her back, a displacement of one of the vertebrae.

In the view we take of this case, it will not be necessary to state the other evidence adduced at the trial. No question will be considered except that which relates to the proper rule of damage. As bearing upon that question the plaintiff asked and the court gave the following instruction:

"The court instructs the jury that if you find in favor of plaintiff, you will award her, as her damages, such sum, if any, as you believe and find from the evidence will fairly and reasonably compensate her for such inconvenience, pain and suffering, if any, as you believe and find from the evidence she has suffered or will suffer as the natural and probable consequence of defendant's failure, (if any) to provide her with said berth."

The defendant excepted to the action of the court in giving said instruction, and contends here that the giving of same was reversible error.

214 Mo. App.—19.

The damages recoverable in this case are such only as are the proximate and natural consequence of defendant's breach of contract. Was then the injury to plaintiff's back the proximate and natural result of the breach? We think not.

Proximate cause is the active efficient cause "which sets in motion a train of events that in their natural sequence might and ought to be expected to produce an injury as undisturbed by any independent intervening cause." [Powell v. Walker, 185 S. W. 532.]

Could it be said that the defendant's breach of contract was the proximate cause of the injury, or that the injury to plaintiff's back ought to have been reasonably anticipated as likely to ensue from the refusal to permit the plaintiff to ride on the Pullman car? It would be sheer nonsense to say that the defendant could have reasonably anticipated that the natural result of the refusal to permit the plaintiff to ride in the Pullman car would be that the plaintiff would ride in a drafty day coach, not operated by defendant; that she would not have sufficient wraps; that she would sit in a strained and huddled position trying to keep warm; that she would take cold; that the cold would cause her to sneeze; that she would try to suppress the sneezing and that this would cause an injury to her back, a displacement of one of the vertebrae.

According to plaintiff's version of the manner in which she was injured, the injury to her back was occasioned by the act of the Atchison, Topeka & Santa Fe Railroad Company, over which the defendant had no control, in allowing the windows of the chair car to remain open and the car to become cold. There was the interposition of an independent intervening cause. The breach of defendant's contract was, therefore, not the natural and proximate cause of her said injury.

Again, it is a well-settled rule of law that "where speculation or conjecture has to be resorted to for the purpose of determining whether the injury results from the wrongful act or from some other cause, then the rule of law excludes the allowance of damages for such in-

jury.'' Here the causal connection between plaintiff's injury and defendant's refusal to permit her to ride in the Pullman car can be determined only by resort to the merest speculation and conjecture.

We hold that plaintiff cannot recover for the injuries which she alleges she sustained to her back, nor for any mental pain and distress which she may have suffered. [Smith v. Pullman Co., 138 Mo. App. 238, 119 S. W. 1072; Francis v. St. Louis Transfer Co., 5 Mo. App. 7; Evans v. St. Louis, I. M. & S. Ry. Co., 11 Mo. App. 472; St. Louis S. W. Ry. Co. v. Thomas, 27 S. W. 419; Schaff v. Boatright, 243 S. W. 1116; Fitch v. Telegraph Company, 150 Mo. App. 149, 130 S. W. 44; Rawlings v. Wabash Ry. Co., 97 Mo. App. 511, 71 S. W. 535; Murdock v. Boston & Albany Railroad, 133 Mass. 15; Palace Car Co. v. Fowler, 6 Tex. Civ. App. 762; Hadley v. Baxendale, 9 Exchequer, 353; McMahon v. Field, 7 Q. B. (1881) 595; Hobbs v. London and South Western Railway Co., 10 Q. B. (1875) 117; 3 Hutchinson on Carriers, sec. 1358, p. 1609; sec. 1428, p. 1722.]

The petition and evidence in this case presents a mere breach of a contract—the refusal to perform it at all. It is clearly distinguishable from cases where to the breach of the contract there is added the element of a trespass upon the person of a passenger, such as where a passenger has been negligently set down before reaching his station, or carried beyond it, or where he has been unlawfully ejected or compelled to leave the car, or where the breach of the contract is accompanied by abusive, insulting and humiliating language or conduct. Such are the cases of Ferguson v. Railroad, 177 S. W. 616; Davis v. Lusk, 190 S. W. 362; Morris v. Railroad, 184 Mo. App. 65, 168 S. W. 325; Dalzell v. Hotel Co., 193 Mo. App. 379, 186 S. W. 41; Aplington v. Pullman Co., 110 N. Y. App. Div. 250, and other cases cited by counsel for plaintiff. In such cases the passenger can recover for injured feelings, humiliation, anxiety and mental distress or pain of mind, no one of which can be made an element of damage in the instant case.

It follows from what has heretofore been said that the court erred in giving the instruction on the measure of damages. The instruction is erroneous in that it permits a recovery for pain and suffering that the plaintiff may have suffered or might suffer in the future, as the natural and probable consequence of defendant's breach of contract.

Learned counsel for plaintiff contend that appellant, having failed to request any additional instruction on the subject, is now in no position to complain. This instruction is wholly erroneous and, therefore, the contention cannot be maintained.

Learned counsel for defendant further contend that the peremptory instruction offered by the defendant at the close of all the evidence should have been given. To this we cannot agree. The plaintiff was entitled in any event to nominal damages.

In this case the defendant knowing that the plaintiff had transportation on the train, to which the Pullman car was attached, and intended to travel on it to Winfield, could have reasonably anticipated that the natural result of the refusal to permit plaintiff to ride in the Pullman car would be that the plaintiff would be put to real physical inconvenience and endure some physical hardship in having to pass the night without a comfortable berth and for such damage she is entitled to recover. [3 Hutchinson on Carriers, sec. 1424; Hobbs v. London & South Western Railway Co., 10 Q. B. (1875) 117; Hadley v. Baxendale, 9 Exchequer, 353.]

It is also contended that the verdict should be set aside because it is grossly excessive. Inasmuch as the plaintiff cannot recover for the alleged injuries to her back, and as these were the only substantial injuries complained of, we are constrained to hold that the verdict rendered is so grossly large and excessive that it cannot be sustained, and for this reason alone we would deem it our duty to order a new trial.

The judgment of the circuit court should be reversed and the cause remanded for a new trial to be proceeded

with in accordance with this opinion. The Commissioner so recommends.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the circuit court of the city of St. Louis is accordingly reversed and the cause remanded for a new trial to be proceeded with in accordance with this opinion. *Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.